### W. S. LYNCH v. THE STATE.

No. 6569.   Decided December 21, 1921.

Rehearing denied January 25, 1921.

**1.—Assault to Murder—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts and a bill of exceptions, there being a sufficient indictment and charge of the court, the judgment must be affirmed.

**2.—Same—Statement of Fact—Practice on Appeal—Rehearing—Executive Clemency.**

Where, in his motion for rehearing, it was stated that for some reason unknown to counsel there was a failure to file the statement of facts, etc., this court can give no relief in the absence of a bill of exceptions, and a showing that appellant has been deprived of a statement of facts after the

exercise of due diligence on his part; and executive clemency would be the only remedy.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. O. Scott,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Dallas County of the offense of assault with intent · to murder, and his punishment fixed at two years in the penitentiary.

The record is before us without a statement of facts or bills of exception. We have examined the indictment, which seems to be in conformity with the statute, and the charge of the court, which presents the law of the case fairly. In this condition of the record no other matter is before us for consideration, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

January 25, 1922.

LATTIMORE, Judge.—At a former day of this term this case was affirmed, there appearing in the record neither statement of facts nor bill of exceptions, and the matters of procedure involved appearing to us to be in conformity with law.

There is now filed on ·behalf of appellant a motion for rehearing in which it is stated that at the time of his trial he was represented only by counsel appointed by the court, and that thereafter he employed and paid an attorney to take charge of his appeal, and that for some reason unknown to counsel who files this motion, said attorney failed to have a statement of facts prepared and filed for presentation to us. We regret that a record should appear before us in this condition, but find ourselves unable to afford appellant any relief. It is not made to appear that any bills of exception were taken during the trial of his case, nor have we any authority given us by statute to grant any sort of relief to one who appears before us without a statement of facts, unless it is made to appear that he has been deprived of same after the exercise of due diligence on his part or in his behalf. One who employs an attorney of his own choosing who fails to do something made necessary by statute in order to properly present his case before us, is given no remedy at the hands of this court for failure or re-

fusal of such attorney to do that which he ought. We have no option but to overrule appellant's motion. We are to consider the case as made by the record before us in the absence of some affirmative injury shown to us to have been inflicted upon the accused by which he was deprived of a proper record. The showing made by appellant's attorney may be made the basis of an appeal to the Chief Executive.

The motion for rehearing will be overruled.

*Overruled.*