EX PARTE RANCE CONWAY.

No. 14303.   Delivered April 1, 1931.

*Robert Cralle* and *B. L. Bradley,* both of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal from a judgment of the 77th district court of Limestone county, Texas, upon a hearing in vacation of relator's application for a writ of habeas corpus had before said

court on the 23rd day of February, 1931. The pertinent facts shown are as follows: On the 28th day of November, 1930, relator was indicted by the grand jury of the 87th district court of Limestone county, Texas, for the offense of murder, the indictment alleging that relator on or about the 25th day of September, 1930, with malice aforethought killed one Jake Spurlock. Relator plead guilty on his trial on the 15th day of February, 1931, to the offense of murder without malice and the jury found relator guilty of murder without malice and assessed his punishment at two years confinement in the state penitentiary. The evidence introduced by the state upon said trial showed that the offense for which relator was tried and convicted occurred on September 16, 1927, more than three years prior to the presentment of the indictment therefor. No appeal from said judgment of conviction was taken, but on the 19th day of February, 1931, attorneys for relator applied to the judge of the 77th district court of Limestone county for a writ of habeas corpus, alleging facts substantially as above. Said writ was granted and a hearing was finally had on said application on the 23rd day of February, 1931, relator's contention being that the offense for which he was tried and convicted in the 87th district court was barred by the three years statute of limitations, the evidence in said hearing showing said offense occurred more than three years prior to the presentment of the indictment therefor and the court so found in the judgment. It was held that the offense was not barred and that the relator be remanded, from which judgment relator has appealed to this court.

The relator contends that the trial court erred in holding that although the offense of murder without malice for which relator was convicted and sentenced occurred more than three years prior to the presentment of the indictment on which he was tried, that said offense and the prosecution thereof was not as a matter of law barred by the three year statute of limitations. The relator contends further that because the present statute relating to the offense of murder provides that the court shall instruct the jury on the trial of the case that unless from all the facts and circumstances in evidence the jury believes that the defendant was prompted and acted with malice aforethought, that they cannot assess the punishment at a period longer than five years; that said statute must be construed as comprising two separate and distinct offenses, one murder with malice aforethought and the other murder without malice aforethought; and that all unlawful homicides lacking the elements of malice aforethought are wholly analogous to the offense of manslaughter, which was part of the criminal jurisprudence of this state for many years; and that therefore the offense for which relator stands convicted is barred after three years under article 180 of the Code of Criminal Procedure, which provides:

"An indictment for any other felony may be presented within three

years from the commission of the offense, and not afterward; except murder, for which an indictment may be presented at any time."

Under these conditions the only question that is necessary to be decided in the disposition of this appeal is whether or not the Legislature in the enactment of the present law pertaining to murder created two offenses. Appellant's contention has been held untenable by this court in the case of Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515, 517, and in which a motion for rehearing has been overruled, and in which case it is announced as a correct construction of our present murder statute that there is now only one offense and that is the offense of murder, for which "the legal penalty is death or confinement in the state penitentiary for any term of years not less than two, dependent upon the proof. If, however, the jury finds that there is an absence of malice aforethough, they are privileged to assess no higher penalty than confinement in the penitentiary for five years."

It necessarily follows that there being but one offense created, that of murder, and that offense not being barred under the statute of limitations above quoted, the trial court was corerct in his holding that the offense of which appellant was convicted was not barred.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.