## ROBERT CHAPPELL v. THE STATE.

No. 16011. Delivered June 14, 1933.
Reported in 61 S. W. (2d) 842.

188

The opinion states the case.

*T. B. Bartlett* and *John C. Patterson*, both of Marlin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being five years in the penitentiary.

This is the second appeal. The result of the first will be found reported in 50 S. W. (2d) 327. The facts in the present record are not materially different from those enumerated in the former opinion, and will not be here repeated unless found necessary in the discussion of some bill of exception.

Bill number one reserves exception to the court overruling appellants motion for new trial based upon the contention that in the present trial appellant was convicted of a higher grade of offense than upon the former trial. In the first trial the verdict simply stated that appellant was found guilty and assessed the punishment at two years in the penitentiary, without saying whether he was found guilty of murder with or without malice aforethought. The verdict upon the present trial found appellant guilty of murder with malice aforethought and assessed the punishment at five years in the penitentiary. There is no merit in appellant's contention. Under our present murder statute, the jury may assess the punishment at two years in the penitentiary for a killing either with or without malice. Furthermore, it has been held that murder, as defined under our present law, does not embrace two offenses. Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515; Ex parte Conway, 118 Texas Crim. Rep., 148, 37 S. W. (2d) 1017.

Bill of exception number three complains at the refusal of a special charge on the law permitting one charged with

murder to defend on apparent danger. An examination of paragraphs fifteen and sixteen of the charge shows that the court made it plain to the jury that appellant had the right to kill if from the conduct or words of deceased appellant was caused to have a reasonable apprehension of death or serious bodily injury. The charge given in our opinion obviated the necessity of giving the special charge referred to.

Bill of exception number four presents complaint at the refusal of a special charge telling the jury that if appellant apprehended an attack upon him from deceased, the fact that appellant armed himself with a pistol would not operate against his right of self-defense. No limitation whatsoever was placed upon the right of self-defense by the court's instructions. The refusal of the special charge under such circumstances was not erroneous. Branchs Ann. Tex. P. C., sec. 1950; Williford v. State, 38 Texas Crim. Rep., 393, 42 S. W., 972.

No error occurred in refusing the special charge, complaint of which appears in bill of exception number·five. It sougth to have the jury told that in determining the question of danger they should view the matter from appellant's standpoint at the time he acted. The court had already embraced this in his main charge. There was no occasion to repeat it.

In bill of exception number six appellant brings forward complaint that over his objection the state was permitted to prove by several named witnesses that deceased bore the general reputation of a kind and inoffensive man, and not as one who was of a violent and dangerous disposition. The court admitted the testimony complained of on the ground that there was evidence in the record to the effect that a time previous to the killing, deceased, in appellant's presence, had cursed and threatened to kill him. Article 1258, P. C. The following authorities, among others, support the court's action. Jirou v. State, 53 Texas Crim. Rep., 18, 108 S. W., 655; Edwards v. State, 61 Texas Crim. Rep., 307, 135 S. W., 540; Carpenter v. State, 104 Texas Crim. Rep., 608, 286 S. W., 228; Richardson v. State, 94 Texas Crim. Rep., 616, 253 S. W., 273.

The subject embraced in the special charge refused, of which complaint is made in bill of exception number eight, appears to have been fully covered in the main charge.

There is found in the record nine typewritten pages consisting of objections to the charge. We have been much confused in considering them, and are led to believe that if there existed at any time ground for many of the objections the court must have corrected and rearranged his charge in many particulars. Where objections are urged to a designated paragraph

of the charge, it is found that in the charge before us the particular paragraph mentioned relates to a wholly different topic than that referred to in the objection. The fifth ground of objection says the charge wholly fails to embrace any instruction regarding the presumption arising from the use of a deadly weapon by deceased. We find that paragraph nineteen of the charge covers the subject in proper and comprehensive language, showing that, if omitted originally, the court included it upon having his attention directed to the omission.

Failing to discover in the record any errors upon which a reversal could be predicated, the judgment is affirmed.

*Affirmed.*