### ALVA HILL V. THE STATE.

No. 16211.   Delivered November 22, 1933.
Appeal Reinstated January 24, 1934.
Rehearing Denied March 31, 1934.
Application for Leave to File a Second Motion for Rehearing
Denied (Without Written Opinion) April 4, 1934.

The opinion states the case.

*W. A. Anderson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, four years in the penitentiary.

The trial term of the court below ended on the 14th day of

April, 1933. Thereafter appellant entered into an appeal bond, which is manifestly defective in two regards. The date of the appeal bond appears clearly to be the 17th of April, 1930. It appears to have been approved by the district judge before whom the case was tried on the 18th of April, 1933, but nowhere bears the approval of the sheriff of the county. Appeal bonds entered into after the adjournment of the trial term, must bear the approval both of the district judge before whom the case was tried and of the sheriff. Article 818, C. C. P. Manifestly a bond signed by the accused and his sureties three years before the case was tried would be erroneously dated.

Our attention is also attracted by the fact that the notice of appeal was entered on the docket of the court below, but does not seem to have been carried into the minutes. This is not sufficient, and such minute entry should be shown, if further action of this court, considering this appeal, is desired.

This court being without jurisdiction because of the defective appeal bond, the appeal is dismissed.

*Dismissed.*

### ON MOTION TO RE-INSTATE THE APPEAL.

LATTIMORE, JUDGE.—It now appears from a supplemental transcript that the defects causing the dismissal of the appeal have been remedied. The appeal will be reinstated and the case considered on its merits.

Upon a former appeal, reported in 48 S. W. (2d) 269, the judgment was reversed. We see no need for making a statement of the facts here, same being sufficiently set out upon the former appeal.

Appellant presents but one proposition, viz: that since he was expressly convicted of murder without malice upon his former trial, the learned trial judge in the instant case erred in ordering a special venire, and in refusing appellant's motion to quash said venire, the ground of the motion being that this was not a capital case at the time it was called for trial after the reversal, the proposition being that murder without malice and murder upon malice aforethought constitute two different degrees of the offense of murder, and that both being involved and submitted on the former trial, a conviction of murder without malice, ipso facto acquitted of murder with malice.

The first expression of this court upon this question appears in Herrera v. State, 117 Texas Crim. Rep., 389, in which this court said:

"Nothing in the case mentioned holds or implies that in

the enactment of article 1257a, the Legislature created two offenses. But one offense was created, namely, that of murder. The legal penalty is death or confinement in the State penitentiary for any terms of years not less than two, dependent upon the proof. If, however, the jury finds that there is an absence of malice aforethought, they are privileged to assess no higher penalty than confinement in the penitentiary for five years. In the present case, the indictment being irregular and the verdict having been set aside at the instance of the accused, cannot be regarded as a sound basis for the present claim of the appellant that by the verdict [on former trial] finding him guilty of murder and assessing the death penalty he was acquitted of the capital offense. Precedents illustrating the correctness of the conclusion stated are numerous. Among them the following are mentioned: Sterling v. State, 25 Texas App., 716, 9 S. W., 45; Garza v. State, 39 Texas Crim. Rep., 358, 46 S. W., 242; Marshall v. State, 73 Texas Crim. Rep., 531, 166 S. W., 722; Amer. & Eng. Ency. of Law, vol. 17, p. 606; Huey v. State, 88 Texas Crim. Rep., 377, 227 S. W., 186, 12 A. L. R., 1003."

This was followed in Ex parte Conway, 118 Texas Crim. Rep., 148, and again upheld in Morgan v. State, 49 S. W. (2d) 788 in the opinion on rehearing, and was discussed at length in the opinion in Hunt v. State, 59 S. W. (2d) 836, in which all of the judges participated, which was decided adversely to appellant's contention.

Not being able to agree with appellant, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant says we overlooked the fact that he filed written objection to the charge because the court failed to instruct on aggravated assault. Such objection does appear from the record but the point was not urged or mentioned in the motion for new trial, nor briefed by appellant, hence we failed to discuss it in our original opinion.

Appellant now contends such instruction was called for under the following authorities: Stroud v. State, 24 S. W. (2d) 52; Miller v. State, 112 Texas Crim. Rep., 125, 13 S. W. (2d) 865; Shannon v. State, 36 S. W. (2d) 521; Dawson v. State, 70 Texas Crim. Rep., 8, 155 S. W., 266. We think the facts in the present case distinguish it from those mentioned. The knife found on appellant after the homicide is described as a pocket-

knife with a blade three or three and one-half inches long. Some of the wounds on the body of the deceased, other than the wound which caused his death, were of a serious nature. From these the deadly character of the knife was shown. Appellant did not admit the infliction of the wounds and in connection therewith deny an intent to kill as was the case in the authorities mentioned. Appellant denied any participation in the fight between his father and deceased except an effort on appellant's part to separate them. He specifically denied that he at any time cut deceased. The facts from appellant's testimony bring the case within the principle announced in Colbert v. State, 52 Texas Crim. Rep., 486, 107 S. W., 1115.

The motion for rehearing is overruled.

*Overruled.*