## U. S. JOHNSON, *alias* BULLY JOHNSON V. THE STATE.

No. 20379. Delivered ·May 17, 1939.

The opinion states the case:

*Eugene McGlasson,* of Waco, for appellant.

*Holvey Williams,* Criminal District Attorney, of Waco, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

The case is before us without a statement of facts, bills of exception or objections to the court's charge.

Appellant contends that the judgment of conviction should be reversed because he was, without fault, deprived of a state-

ment of facts. He has filed an affidavit in which he states that he had employed an attorney to represent him and who did represent him upon the trial of this case, but states that after his conviction his relatives employed another attorney to appeal from the judgment of conviction to this Court. He recites that while confined in jail, he told the jailer to call the attorney who was to represent him on appeal to this court, and tell him to come to see him. That the jailer reported to him that the attorney said that he had not been paid a sufficient sum of money, but that on subsequent occasions when called by the jailer, he stated that everything was all right and for him not to worry, but that said attorney never came to see him. That on February 1, 1939, he engaged the services of another attorney to look into the case for him and about March 15th, he received a card from the Clerk of this Court, advising him that he had failed to perfect his appeal. There are some affidavits by the jailer to the effect that appellant through him sought to obtain an interview with the attorney, and that the statement by appellant relative to arrangements for an interview with his counsel is substantially correct.

While we regret that appellant failed to obtain a statement of facts and have it approved and filed within the time prescribed by law, yet this Court would not feel authorized to reverse the case merely because his attorney failed to exercise proper diligence to have it done or because he declined for some reason to render the necessary services, or because he saw fit to withdraw from the case. If we should lay down such a rule; we might find ourselves in a position of having to reverse many cases of an aggravated nature by reason of the conduct of counsel in the manner above stated. See Lynch v. State, 236 S. W. 480, 90 Tex. Cr. R. 648; 4 Tex. Jur. sec. 314, p. 455; Ferrell v. State, 2 Tex. Cr. App. 399.

Appellant might have requested the jailer to ask the court reporter to prepare a statement of facts in narrative form which could have been presented to the district attorney and the trial judge for approval, but he failed to do this.

Appellant next contends that this case should be reversed because the court, in his charge to the jury, instructed them on a phase of an offense not included in the indictment in this: That the indictment merely charged him with an assault to murder, while the court instructed the jury on the law of an assault to murder *with and without malice*.

This conveyed to the jury the idea that the indictment was sufficient to sustain a conviction of murder *with* malice. The

matter seems to have been further impressed upon the minds of the jury by the court's instruction that they were bound to receive the law from the court as given to them in the charge and he governed thereby. The jury returned a verdict finding appellant guilty as charged in the indictment and assessed his punishment at confinement in the state penitentiary for a term of two years, which is within the limits of the punishment prescribed for an assault to murder *with malice as* well as *without m*alice. He was sentenced by the court to confinement for a period of two years.

Assuming that the jury found him guilty of an assault to murder with malice as they were authorized to do under the court's charge, then this judgment cannot be upheld, because the indictment does not charge such a grade of offense. The court evidently thought that the jury found appellant guilty of an assault to murder *with* malice, because in sentencing him, he failed to make application of the indeterminate sentence law. We must assume that the court complied with the law in pronouncing the sentence. This leaves us in such a state of uncertainty that we would not feel authorized to hold as a matter of law that the jury found appellant guilty of an assault to murder without malice. If the jury had said so in express words, we would have no difficulty in deciding the question, but the jury found him guilty as charged in the indictment. The court in his charge told them that they could find him guilty under the indictment of an assault to murder with malice.

Under the circumstances and the provisions of the law mentioned above, due to the imperfect verdict, the trial court was in no position to give effect to the indeterminate sentence law and neither is this court in a position to give effect to the verdict because it does not know of what grade of offense the jury intended to convict the accused. In the absence of such knowledge, which should have been contained in the verdict before it was received by the trial court, this court does not feel authorized to sanction the imprisonment of the accused upon the verdict in question.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.