SAM JORDAN V. THE STATE.

No. 21203. Delivered November 6, 1940.

The opinion states the case.

*Otto Mullinax,* of Winnsboro, *J. E. Brown,* of Brady, (on appeal), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of three years.

Upon an inspection of the record, we find an indefinite verdict and the court, in pronouncing sentence upon appellant, failed to make application of the Indeterminate Sentence Law, due perhaps to the uncertainty of the jury's verdict.

Appellant was charged with the offense of an assault to murder with malice. The court instructed the jury as to the law on an assault to murder with and without malice, and also on the law of aggravated assault. The jury returned into court the following verdict:

"We the jury find the defendant guilty and assess his penalty at three years in the penitentiary.
"A. H. Calvert, Foreman."

Looking to the verdict as written, it is impossible to tell whether they found him guilty of assault with intent to murder with or without malice. The punishment prescribed by law for an assault with intent to murder with malice is by confinement in the penitentiary for a term of not less than two nor more than fifteen years, while the punishment for assault with intent to murder without malice is by confinement in the State penitentiary for not less than one nor more than three years.

The difficult question arising from such an indefinite verdict, in cases of this nature, is the application of the Indeterminate Sentence Law. Under the circumstances of this case and the provisions of the law mentioned above due to the imperfect verdict, the trial court was in no position to give effect to the Indeterminate Sentence Law, and neither is this court in a position to do so because we do not know of what grade the jury convicted the accused. In the absence of a determination of

that issue by the jury, this court will not be authorized to arbitrarily reform the sentence so as to comply with the Indeterminate Sentence Law. See Johnson v. State, 137 Tex. Cr. R. 82.

In view of the disposition we are making of this case, we do not deem it necessary to discuss any of the other questions presented as they may not arise again upon another trial.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.