## WILLIE LEWIS V. THE STATE.

No. 21241.  Delivered November 13, 1940.
Rehearing Denied December 18, 1940.

The opinion states the case.

*W. C. Wofford*, of Taylor, and *J. E. Chumney*, of Georgetown, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Willie Lewis was given a penalty of two years in the penitentiary by a jury in Williamson County on a charge of assault to murder, and from it he appeals.

The indictment alleges that he, "then and there unlawfully cut Myrtle Lewis with a knife with the intent then and there to murder the said Myrtle Lewis * *." The court submitted an issue to the jury on assault to murder with malice and without malice. The jury returned the following verdict: "We, the jury find the defendant guilty of an unlawful assault with the specific

intent to kill the said Myrtle Lewis by cutting her with a knife and assess his punishment at confinement in the State Penitentiary for a term of two years."

The State has conceded that this verdict is insufficient upon which the court may impose a valid sentence under the holdings of this court in Pleasant v. State, 128 S. W. (2d) 813 and the authorities there cited and discussed. We think the State's admission is correct. Accordingly, the judgment of the trial court is reversed and the case remanded.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The Honorable W. K. McClain, Criminal District Attorney of Williamson County, has filed a motion for rehearing herein in which he calls attention to the fact that the indictment embraced no averment that the assault was committed with malice. Stated in another way, the indictment, in failing to allege malice, can only support a conviction for an assault to murder without malice. In view of this fact the contention is made that the verdict of the jury evidences a finding that the conviction was for assault to murder without malice. In view of the fact that the court gave instructions to the jury covering an assault to murder with and without malice, and of the further fact that the jury failed to show in their verdict whether they found appellant guilty of assault to murder with or without malice, we are of opinion that the trial court was not in a position to give effect to the Indeterminate Sentence Law. See Article 775, C. C. P. It is observed that, in sentencing appellant, the trial court directed that appellant be confined in the penitentiary for a term of two years. If the conviction was for an assault to murder without malice the jury were warranted in assessing the penalty at not less than one nor more than three years. In that event, in making application of the Indeterminate Sentence Law, it should have been directed that appellant be confined in the penitentiary for not less than one nor more than two years. The penalty assessed by the jury was confinement in the penitentiary for a term of two years, which is within the limits of the punishment prescribed for an assault to murder with malice, as well as for an assault to murder without malice. Johnson v. State, 128 S. W. (2d) 384, directly supports our conclusion herein that the motion for rehearing should be overruled. In that case, Judge Krueger, speaking for the court, used language as follows:

"Appellant next contends that this case should be reversed because the court, in his charge to the jury, instructed them on a phase of an offense not included in the indictment in this: That the indictment merely charged him with an assault to murder, while the court instructed the jury on the law of an assault to murder with and without malice.

"This conveyed to the jury the idea that the indictment was sufficient to sustain a conviction of murder with malice. The matter seems to have been further impressed upon the minds of the jury by the court's instruction that they were bound to receive the law from the court as given to them in the charge and be governed thereby. The jury returned a verdict finding appellant guilty as charged in the indictment and assessed his punishment at confinement in the state penitentiary for a term of two years, which is within the limits of the punishment prescribed for an assault to murder with malice as well as without malice. He was sentenced by the court to confinement for a period of two years.

"Assuming that the jury found him guilty of an assault to murder with malice as they were authorized to do under the court's charge, then this judgment cannot be upheld, because the indictment does not charge such a grade of offense. The court evidently thought that the jury found appellant guilty of an assault to murder with malice, because in sentencing him, he failed to make application of the indeterminate sentence law. We must assume that the court complied with the law in pronouncing the sentence. This leaves us in such a state of uncertainty that we would not feel authorized to hold as a matter of law that the jury found appellant guilty of an assault to murder without malice. If the jury had said so in express words, we would have no difficulty in deciding the question, but the jury found him guilty as charged in the indictment. The court in his charge told them that they could find him guilty under the indictment of an assault to murder with malice.

"Under the circumstances and the provisions of the law mentioned above, due to the imperfect verdict, the trial court was in no position to give effect to the indeterminate sentence law and neither is this court in a position to give effect to the verdict because it does not know of what grade of offense the jury intended to convict the accused. In the absence of such knowledge, which should have been contained in the verdict before it was received by the trial court, this court does not feel authorized to sanction the imprisonment of the accused upon the verdict in question."

Giving application to the holding in the Johnson Case, we are constrained to adhere to the conclusion expressed in the original opinion herein.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.