### SANFORD BROOKS V. THE STATE.

No. 22770. Delivered March 22, 1944.

The opinion states the case.

*Edward Dwyer* and *Joe Burkett,* both of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of three years.

The record discloses that appellant was charged by indictment with an assault with intent to murder with malice aforethought. The court submitted the case to the jury upon the law relative to an assault with intent to murder both with and without malice. The jury returned the following verdict:

"We the jury find the defendant Guilty of Assault with intent to commit Murder & assess his punishment at 3 years confinement in the Penitentiary.

"No suspended sentence.

"Signed
"W. B. Singleton
"Foreman."

Looking to the verdict as it is written, it is obvious that it is impossible to tell whether they found appellant guilty of an assault with intent to commit murder with or without malice. The punishment prescribed by law for an assault with intent to murder with malice is confinement in the state penitentiary for a term of not less than two nor more than fifteen years, while that prescribed for an assault with intent to commit murder without malice is confinement in the state penitentiary for not less than one nor more than three years. However, the court sentenced him to serve from two to three years in the penitentiary.

The difficulty arising from such an indefinite verdict in cases of this nature is the application of the Indeterminate Sentence Law. Under the provisions of this law, the trial court was in no position to make a proper application thereof. Neither is this court in a position to do so because we do not know of what grade of offense the jury convicted the accused. In the absence of a determination of that issue by the jury, this court would not be authorized to arbitrarily reform the sentence so as to comply with the Indeterminate Sentence Law. See Johnson v. State, 137 Tex. Cr. R. 82, 128 S. W. (2d) 384; Lewis v. State, 140 Tex. Cr. R. 470; Jordan v. State, 144 S. W. (2d) 274.

In view of the disposition we are making of this case, we do not deem it necessary to discuss any of the other questions presented for review.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.