KIRBY HARRELL V. STATE.

No. 24279.   March 16, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

The record in this case reflects an indefinite verdict, and the court in pronouncing sentence upon appellant failed to give effect to the indeterminate sentence law, Vernon's Ann. C. C. P., Art. 775. The indictment charged appellant with an assault to mur-

der with malice. The court instructed the jury on an assault to murder with and without malice. The jury returned the following verdict: "We the Jury find the defendant guilty and assess his punishment (2) years in the state penitentiary. Signed Sam Cook, foreman."

Looking to the verdict, as written, it is impossible to determine whether the jury found him guilty of an assault with an intent to murder with or without malice. The punishment prescribed by law for an assault with intent to murder with malice is by confinement in the penitentiary for a term of not less than two nor more than fifteen years, while the punishment for an assault to murder without malice is not less than one nor more than three years. The trial court sentenced him to two years' confinement in the state penitentiary without giving effect to the indeterminate sentence law. In the absence of a finding by the jury of whether he was guilty of an assault to murder with or without malice, the trial court was not in a position to make application of the indeterminate sentence, nor is this court in a position to do so. See Johnson v. State, 137 Tex. Cr. R. 82 (128 S. W. 2d 384) ; Jordan v. State, 140 Tex. Cr. R. 238 (144 S. W. 2d 274) ; and Brooks v. State, 147 Tex. Cr. R. 98 (178 S. W. 2d 865).

Appellant is entitled to the benefit of the indeterminate sentence. This was not accorded to him which requires a reversal of this case.

It will not be necessary to here discuss appellant's bills of exceptions. However, in the event of another trial, all evidence relative to any offense his brother may have committed some years prior to the offense alleged to have been committed by appellant and anything appellant may have done to another person which has no connection with the offense for which he was on trial should not be admitted in evidence.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.