**BYRD v. STATE.**
No. 24732.

Court of Criminal Appeals of Texas.
April 5, 1950.

The judgment must state a specific term of years. In this case the sentence correctly applies the indeterminate sentence law.

The judgment of the trial court as reformed is hereby affirmed.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder with malice, in which the jury fixed a penalty of fifteen years in the penitentiary.

The record is before us without bills of exception and without statement of facts. No brief has been filed in behalf of appellant and we are not advised of any issue upon which a reversal is sought.

The judgment in this case contains the jury's verdict assessing the penalty at fifteen years. It then declares that appellant shall be confined in the penitentiary "for a term of not less than 2 nor more than 15 years." We have consistently held such judgments to be void when assessed by the court upon a plea of guilty without a jury verdict fixing a definite penalty. However, when a case is appealed to this court, and the jury's verdict gives us the basis for correcting the judgment, we have consistently done so. Accordingly, the judgment is reformed so as to read: It is therefore considered, ordered and adjudged by the Court that the Defendant, James Byrd, is guilty of the offense of Assault with intent to murder, as found by the jury, and that he be punished by confinement in the State Penitentiary for a term of fifteen years, and that the State of Texas do have and recover of the said Defendant James Byrd all costs in this prosecution expended, for which let execution issue.