EX PARTE JAMES BYRD.

No. 25,808. June 18, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) October 22, 1952.

*W. T. McDonald,* Bryan, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This is an original application for the writ of habeas corpus, by which relator seeks his discharge from the penitentiary.

Relator was charged by indictment in the district court of Burleson County with the offense of assault with intent to murder with malice. The venue of the trial was changed to the district court of Washington County, where, upon trial, relator was convicted for the offense of assault with intent to murder without malice and his punishment assessed at three years' confinement in the penitentiary.

Upon appeal to this court that conviction was reversed. See Byrd v. State, 153 Tex. Cr. R. 89, 218 S.W. 2d 199, our No. 24286.

The case again came on for trial, at which time the trial court

submitted assault with intent to murder both with and without malice, resulting in relator's conviction for the offense of assault with intent to murder with malice with punishment assessed at fifteen years' confinement in the penitentiary. That conviction was affirmed on appeal to this court. See 228 S.W. 2d 858, our No. 24732. [Unreported].

The record before us at the time of the affirmance did not contain a statement of facts, no brief was filed, and counsel did not appear upon the appeal. The transcript of the record did contain, however, relator's plea of former jeopardy, alleging, in effect, that upon the former trial of the case he had been acquitted of assault with intent to murder with malice by the jury's finding of guilt of assault with intent to murder without malice. The motion was overruled, and exception reserved. No exception was reserved to the charge of the trial court in submitting assault with intent to murder with malice. There was nothing in the record expressly calling our attention to the fact that it was a second appeal of the case, or calling our attention to the alleged invalidity of the judgment now here insisted upon. Consequently, the question of the validity of the judgment as against the plea of former jeopardy was not considered in the opinion affirming the case.

In our No. 24,286 (153 Tex. Cr. Rep. 89), it appears that this James Byrd was convicted of an assault with intent to murder without malice, and by the jury assessed a penalty of three years, the verdict therein reading:

"We the Jury find the Defendant James Byrd guilty of an assault with intent to Murder Without Malice aforethought and assess his punishment at confinement in the Penitentiary for a term of 3 years."                    ,

He appealed the case, and the judgment of conviction was reversed and the cause remanded.

Thereafter, in Cause No. 24,732, he again presented an appeal to this court, having been convicted under the same indictment and by the jury found guilty of assault with intent to murder *with malice* and assessed a penalty of 15 years in the penitentiary. The case was affirmed and mandate issued.

In this ex parte proceeding he is attempting to review the case affirmed by us in Cause No. 24,732. He says that the judgment against him finding him guilty of assault with intent to

murder with malice and sentencing him to confinement in the penitentiary for a term of not less than two nor more than fifteen years is excessive and a void judgment and that, having served more than three years in the penitentiary, he is entitled to his release thereunder.

We have consistently held that degrees have been eliminated from the voluntary killing statute by legislative act, and have held that conviction of the offense of murder without malice does not operate as an acquittal for murder with malice. Herrera v. State, 117 Tex. Cr. R. 389, 36 S.W. 2d 515; Ex Parte Conway, 118 Tex. Cr. R. 148, 37 S.W. 2d 1017; Chappell v. State, 124 Tex. Cr. R. 187, 61 S.W. 2d 842; Hill v. State, 126 Tex. Cr. R. 79, 69 S.W. 2d 409.

We think this rule is also applicable in a prosecution for an assault with intent to commit murder.

We are cited to the doctrine set forth in the case of Johnson v. State, 137 Tex. Cr. R. 82, 128 S.W. 2d 384, as being in point and as holding that a conviction for assault with intent to murder without malice will thereafter operate as an acquittal, in a further trial, for the offense of assault with intent to murder with malice. The reasoning given in the Johnson case is not in point herein, because in that case the jury returned a general verdict finding the defendant guilty *as charged in the indictment* and assessed his punishment at two years in the penitentiary, while the court's instruction was on the law of assault with intent to murder with and without malice. It is evident, therefore, that the court could not tell what the jury found appellant guilty of and would be unable to apply the indeterminate sentence law.

In Cause No. 24,732 appellant made no contention of any kind, except to file his motion, that he had been previously convicted for assault to murder without malice. His case was affirmed. He cannot now claim what he abandoned as a defense in his case.

It will be conceded that the law against the major crime of murder makes no degrees of the offense, and is a matter of punishment only. A man may be sentenced to two years for having committed murder, and upon reversal be again tried and receive the death penalty for such offense. It seems the same rule should apply to an assault to murder. It would be inconsistent to hold that one convicted of murder without malice could

thereafter be re-tried under the same indictment and be convicted for murder with malice, and then hold, as contended herein, that one convicted of assault to murder without malice could not thereafter be re-tried under the same indictment and be convicted of assault to murder with malice. If the Johnson case, supra, or any other cases are to be construed as inconsistent herewith they are specifically overruled.

The writ of habeas corpus and the relief prayed for will be denied.