HOMER GRADY V. STATE.

No. 25,911. October 22, 1952.

Hon. E. Harold Beck, Judge Presiding.

*Marvin H. Miller*, New Boston, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for assault with intent to murder, the punishment assessed being two years in the penitentiary.

Under a charge submitting assault with intent to murder with and without malice, and aggravated assault, the jury returned the following verdict:

"We the jury find the defendant guilty of assault with intent to murder and assess his punishment at confinement in the State penitentiary for two years."

The verdict is assailed as being indefinite and uncertain in that it cannot be ascertained therefrom whether the conviction was for the offense of assault with intent to murder with or without malice, thereby rendering impossible an application of the indeterminate sentence law.

The authorities of Brooks v. State, 147 Tex. Cr. R. 98, 178 S. W. 2d 865, and Jordan v. State, 140 Tex. Cr. R. 238, 144 S. W. 2d 274, which are cited by appellant, and Harrell v. State, 153 Tex. Cr. R. 141, 218 S. W. 2d 466, sustain his contention. However, in the case of Ex parte James Byrd, No. 25,808, decided June 18, 1952, (Page 595, this volume), 251 S. W. (2d) 537, 538, the doctrine upon which the Harrell, Brooks and Jordan cases rested—that is, that assault with intent to murder with malice and assault with intent to murder without malice are separate and distinct offenses—was expressly overruled. Therefore, the cases mentioned and all others were overruled in so far as they may be inconsistent with that holding.

It is apparent, then, under the holding in the Byrd case, that the verdict here is not vague or indefinite. Accordingly, the sentence is reformed so as to read "not less than one nor more than two years" in the penitentiary.

Where the jury's verdict is silent on the question of malice, we will construe such verdict as a finding of guilty of assault with

intent to murder without malice, if the punishment is less than three years.

As so reformed, the conviction is affirmed.

Opinion approved by the court.