## JESUS LOPEZ V. STATE

No. 27,898. February 1, 1956.

*Magus F. Smith,* McAllen, for appellant.

*Jim Bates,* Criminal District Attorney, by *Dave Horger, Jr.,* First Assistant Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Under an indictment of multiple counts charging the murder of three people by striking and colliding with them with an automobile, appellant was convicted of murder without malice. His punishment was assessed at five years in the penitentiary.

The case was submitted to the jury upon a general charge of murder, with and without malice, of three persons named in the indictment.

A judgment finding appellant guilty of the offense of murder without malice was entered without, in any manner, designating whether the finding was for the murder of all three persons or any one of them, specifically.

The evidence is sufficient to show that appellant, in a drunken condition, drove his automobile along a public highway, weaving from one side of the road to another in reckless, wanton, and dangerous manner and, under such circumstances, drove head on into another automobile, killing the three occupants thereof.

Appellant insists that the evidence is insufficient to show an intent to kill, which is an essential element of the offense charged, by reason of the fact that the automobile was not a deadly weapon, per se. In support of that contention he cites Baylor v. State, 151 Tex. Cr. R. 365, 208 S. W. 2d 558, where the rule is announced that under our present murder statute an intent to kill is an element of that offense.

The question of intent to kill arose in the Baylor case not as to whether the evidence was sufficient to show such an intent, as appellant here contends, but upon the propriety of a charge thereon. The Baylor case is not deemed here in point, or controlling.

In Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. 2d 1105, the doctrine of implied malice was recognized and applied to a murder by the operation of an automobile in such a reckless manner as to evidence a disregard of the lives of others and that malice might be inferred therefrom.

Under that holding, the conclusion is expressed that the facts, here, are sufficient to show an intent to kill.

Appellant insists that there is no offense known to the law as that of "Murder Without Malice," the offense for which he was found guilty by the jury.

Under our present murder statute, there is but one offense, and that is, murder. Chappell v. State, 124 Tex. Cr. R. 187, 61 S. W. 2d 842; Joubert v. State, 136 Tex. Cr. R. 219, 124 S. W. 2d 368.

Indeed, in the Joubert case it was held that where one is convicted of murder without malice and the conviction is set

aside he may be convicted of murder with malice upon a subsequent trial.

The aforementioned holding demonstrates the fact that the question of malice relates only to penalty and is not a part of the offense.

The jury having found appellant guilty of murder, their verdict is sufficient.

In the opening statement of counsel for the state to the jury as to what the state expected to prove, and after detailing facts leading to and showing the collision, he closed such statement by saying, " . . . this wreck, this slaughter, killed three people."

Appellant excepted to the use of the word "slaughter" as being highly prejudicial.

Under the facts and the jury's finding, we cannot bring ourselves to the conclusion that appellant was injured by that statement.

No reversible error appearing, the judgment is affirmed.