**Gladys WELCOME, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41641.

Court of Criminal Appeals of Texas.

Jan. 8, 1969.

Rehearing Denied March 26, 1969.

Wiggins & Wiggins, by Daylee Wiggins, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Cimron Campbell, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is assault with intent to commit murder without malice, committed with a knife; the punishment, four years confinement in the Texas Department of Corrections. See Article 1160 Vernon's Ann.P.C. 1961.

The question presented by this appeal is whether a conviction under the double penalty provisions of Article 1160, V.A.P.C., 1961, for the offense of assault with intent to murder without malice is sustainable under an indictment alleging only the offense of assault with intent to murder with malice and which does not allege the manner and the means.

Omitting the formal parts, the indictment reads: "that GLADYS WELCOME on or about the 2nd day of May One Thousand Nine Hundred and Sixty-six, and anterior to the presentment of this indictment in the County of Jefferson and State of Texas, did then and there unlawfully voluntarily, and with malice aforethought, make an assault in and upon Mary Penn, with the intent then and there to murder the said Mary Penn."

The State's evidence reflects that the appellant entered the Ebony Bar in Beaumont, Texas on May 2, 1966, at approximately 7 p. m. She appeared to be angry and upset and shortly after entering the bar engaged a woman known as "Flea" in conversation. Mary Penn, a patron in the bar and an acquaintance of the appellant, replied to one of appellant's remarks. Thereafter an argument ensued between the appellant and Mary Penn which soon concerned itself with which one of the two women wore the dirtiest underwear. As spectators looked on, both the appellant and Mary Penn hiked their dresses and showed their panties across the bar for all to see. Thereafter, the argument soon turned to who provided their support. It appears that the appellant stated "Uncle Sam takes care of me" and Mary Penn replied, "He doesn't take care of me." Shortly thereafter the appellant picked up a chair and attempted to strike Mary Penn and a struggle occurred between them. The two women fell to the floor and then Mary Penn was pulled off the appellant. Thereupon appellant drew a Texas jackknife from her brassiere, opened it with her teeth and began flaying away at Mary Penn with great force. Appellant severely stabbed her victim three times before appellant was subdued by one King Thomas. Mary Penn suffered a wound three quarters of an inch wide and three inches deep in her left breast, a wound going through the cartilage of the lower ribs penetrating the abdomen and lacerating the liver, and a third wound one and a half inches wide and three inches deep in her right thigh. Mary Penn recovered from these wounds following surgery.

The court in its charge submitted to the jury the issues of assault with intent to commit murder with malice aforethought, assault with intent to commit murder without malice, and aggravated assault. The jury in their verdict found the appellant guilty of the offense of assault with intent to commit murder without malice.

The appellant requested the jury to determine her punishment and after a hearing, the court charged the jury on the issue of punishment in accordance with Article 1160, V.A.C.P., which states as follows:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary for not less than two (2) nor more than twenty-five (25) years, provided that if the jury finds that the assault was committed without malice, the penalty assessed shall be not less than one nor more than three (3) years confinement in the penitentiary; and provided further that in cases where the jury finds such assault was committed without malice but was made with a Bowie knife or dagger as those terms are defined by law, or with any kind or type of a knife, or in disguise, or by laying in wait, or by shooting into a private residence, the penalty shall be doubled." Acts 1961, 57th Leg., p. 706, ch. 331, § 1.

The jury was instructed to assess the penalty of not less than one nor more than three years confinement in the penitentiary unless they found beyond a reasonable doubt that appellant had made the assault with a knife. In such cases they were instructed that they should assess her punishment at confinement for any term of years not less than two nor more than six. To such charge the appellant made no objection nor any special requested charge.

After deliberation the jury returned the following verdict:

"We, the jury, having found the defendant guilty of the offense of assault with intent to murder without malice, and having found that the said offense was committed with a knife, assess the defendant's punishment at confinement in the Department of Corrections for a term of 4 years."

■ It should be here observed that the finding of the jury that the appellant used a knife in committing the offense is supported by all the evidence including the appellant's admission of the same.

In appellant's first three grounds of error she contends that despite the absence of an objection or lack of a special requested charge that fundamental error was committed when the court charged the jury on double punishment where the indictment failed to allege the means used by the appellant in committing the offense and that judgment should not have been entered on the verdict.

■ Appellant recognizes that it is well established that an indictment for an assault with intent to murder need not allege the means used nor the manner of use of the means. Article 1160, V.A.P.C. n. 29. 4 Branch's Anno.P.C., 2nd Ed., Sec. 1799, p. 168; 29 Tex.Jur.2d, Homicide, Sec. 134, p. 160; Clark v. State, 162 Tex.Cr. R. 493, 286 S.W.2d 939; Thom v. State, 167 Tex.Cr.R. 258, 319 S.W.2d 313; Johnson v. State, Tex.Cr.App.; 384 S.W.2d 885. She further recognizes that a conviction for an assault with intent to commit murder without malice may be had upon an indictment charging the offense of assault with intent to commit murder with malice aforethought. It appears to be the appellant's contention, however, that the double penalty imposed in this case could not properly be assessed without an allegation in the indictment as to the manner and means used and that failure to put the appellant on notice by such allegation prevented the State from seeking the higher or double penalty for the offense for which the appellant was eventually found guilty.

The State concedes that appellant's position would be correct if the indictment

had solely charged the offense of assault with intent to murder without malice, but contends the indictment in the case put the appellant on notice that she could receive a penalty as high as 25 years in the penitentiary, and in view of the failure to object to the court's charge, and the specific finding of the jury, no error is presented.

This appears to be a case of first impression, at least since the 1961 amendment to Article 1160, supra, limiting the former double penalty provision to a conviction for assault with intent to murder without malice, and authorizing such penalty when the assault is committed with any kind of knife.

Long prior to 1931 Article 1160, V.A.P.C., and its forerunners defined the offense of assault with intent to murder and prescribed a single penalty. Such statutes also provided that "if the assault be made with a bowie-knife or dagger, or in disguise, or by laying in wait, or by shooting into a private residence the punishment shall be double." O.C. 493; Acts 1871, p. 20; Acts 1903, p. 160.

In 1931 it was thought desirable or necessary to amend Article 1160, V.A.P.C., 1925, because of the change in our murder statute made in 1927 creating one offense with different punishments for murder with and without malice aforethought. Acts 1931, 42nd Leg., p. 95, ch. 61; Crowley v. State, 150 Tex.Cr.R. 114, 199 S.W.2d 526; See also 29 Tex.Jur.2d Homicide, Sec. 77, p. 83; 4 Branch's Anno.P.C.2d Ed., Sec. 2187, p. 534; Lopez v. State, 162 Tex.Cr.R. 454, 286 S.W.2d 424. Such 1931 amendment provided a penalty of not less than two nor more than fifteen years confinement for assault with intent to murder and a penalty of not less than one nor more than three years if the assault was committed without malice. The former double penalty provision was retained.

While prior to the 1931 amendment it was not necessary to allege in an indictment for assault with intent to murder that the assault was made with "malice," thereafter it was deemed necessary to allege that the assault was committed with malice, otherwise the accused stood charged with no other offense than assault to murder without malice and no greater punishment could be inflicted than for the latter offense. Crowley v. State, supra, and cases therein cited; 29 Tex.Jur.2d, Homicide, Sec. 133, p. 159. There can be little question but what after the 1931 amendment the double penalty provision was applicable, upon proper allegations, to both assault with intent to murder with and without malice, it having been previously held that the trial court was not authorized to submit the double punishment in absence of an allegation in the indictment that the assault was committed with a bowie knife, dagger, etc. 4 Branch's Anno.P.C., 2d Ed., Sec. 1807, p. 171; Garcia v. State, 19 Tex.App. 389; Swilley v. State, 114 Tex.Cr.R. 228, 25 S.W.2d 1098; Dunn v. State, 128 Tex.Cr.R. 229, 81 S.W.2d 87.

In 1961, as we have seen, Article 1160, supra, was again amended increasing the penalty for assault with intent to murder, retaining the former penalty if the assault was committed without malice, but limiting the double penalty provision to a conviction for assault with intent to murder without malice and authorizing such double penalty when the assault is committed with any kind of knife.

While we must ultimately reconsider, for the proper disposition of this cause, the question of whether assault with intent to murder with malice and assault with intent to murder without malice are separate and distinct offenses or not, we need not do so at this juncture. As we view it, any holding as to the necessity or lack of necessity for allegations to support a double penalty would be applicable in either case.

In Garcia v. State, supra, the Court of Appeals (1885) wrote: "Upon this subject Mr. Bishop says: 'In other connec-

tions and in various aspects of the question, we have seen that every indictment must distinctly set down each and every individual act and intent which, in matter of law, determines or influences the punishment.' (1 Bish.Crim.Proc., 538.)"

Further, the Court said:

"Now the plain reason of the rule is, that if the circumstances which constitute the crime or increase the punishment are not set out in the indictment, the accused would not be informed of the offense with which he is charged, or of the penalty to which he is liable. (2 Bish.Crim.Proc., 572.)"

In Swilley v. State, supra, this Court, quoting from Bishop's New Criminal Procedure (2d Ed), said:

"Discussing the offense of assault, Mr. Bishop, in this same connection, says: 'An assault being punishable in a particular way if a statute enhances the punishment when a specified fact attends it, the greater punishment cannot be awarded unless the indictment charges such aggravating fact.'"

In Gomez v. State, 126 Tex.Cr.R. 30, 280 S.W.2d 278, this Court, speaking through Judge Woodley, said:

"In determining whether or not the indictment supports the conviction the material inquiry is not whether the allegations are appropriate in charging the violation of some other statute, but whether the indictment contains the allegations necessary to show the commission of the offense which is submitted to the jury and for which he is convicted.

"The same rule applies to allegations of the indictment made for the purpose of securing an enhanced punishment."

Further, in Owens v. State, 162 Tex.Cr.R. 212, 283 S.W.2d 749, this Court, in upholding an abortion with consent of the female conviction under an indictment alleging want of consent in order to secure a double penalty, said:

"Consent or want of consent is not material in the offense of abortion by the means here alleged except where want of consent is alleged and proved in order that the jury be authorized to assess a double punishment.

"The State urges that the conviction may be sustained upon the theory that abortion with the consent of the female is a lesser included offense, every constituent element of which is alleged in the indictment, and consent being immaterial except upon the question of punishment.

"There is, however, a somewhat different category of offenses where the statute defines but one offense, but a greater punishment is provided if certain aggravating facts exist.

"In this group is the offense of robbery where in the statute itself the punishment is enhanced where firearms or other deadly weapons are used; the offense of murder, which calls for a greater punishment where the killing is upon malice; and assault with intent to murder, where a double punishment is provided if the assault is made with a bowie knife, or dagger, by shooting into a private residence, or by a person in disguise or who lays in wait. Also the enhancement of punishment statutes, Arts. 61, 62 and 63, P.C., do not define separate offenses. Ellison v. State, 154 Tex.Cr.R. 406, 227 S.W.2d 545.

"Enhanced punishment is also provided for one who acts as an accomplice where the principal is under 17 years of age, also where the accomplice stands in relation of a parent, etc., to the principal.

"In both kinds of enhancement statutes it is necessary that the matter of aggravation relied upon to justify the imposition of the higher punishment be alleged in the indictment. Doyle v. State, 138 Tex.Cr.R. 502, 137 S.W.2d 26; Palmer

v. State, 154 Tex.Cr.R. 536, 229 S.W.2d 174; Brady v. State, 122 Tex.Cr.R. 275, 54 S.W.2d 513; Bird v. State, 141 Tex. Cr.R. 135, 147 S.W.2d 500; Bragg v. State, 73 Tex.Cr.R. 340, 166 S.W. 162 (Accomplice); 12 Tex.Jur. 795, Par. 405; 27 American Jur. 653, Par. 92."

See also Wharton's Criminal Law and Procedure, Vol. 4, Sec. 1788; 125 A.L.R. 605.

■ Granted that none of the cases cited is exactly analogous to the case at bar, we conclude that a conviction under the double penalty provisions of Article 1160, supra, for the offense of assault with intent to murder without malice is not sustainable under an indictment alleging only the offense of assault with intent to murder with malice in absence of allegations making the double penalty provision applicable.

Upon the failure to secure a conviction for the offense charged in the indictment the State was relegated to the regular penalty attached by law to the offense upon which conviction is had in absence of allegations in the indictment authorizing enhanced punishment for the offense of which the accused is convicted.

In authorizing the double penalty in its charge, the trial court fell into fundamental error. See Fennell v. State, Tex.Cr.App., 424 S.W.2d 631. This cause must therefore be reversed.

In the event of re-trial we must now determine whether the appellant can be prosecuted for any greater offense than assault with intent to murder without malice.

■ The general rule prevailing in this State is that a conviction of a lesser included offense bars a prosecution for the greater offense on a new trial, though obtained by the defendant at his instance. 61 A.L.R.2d 1141, Sec. 11(a), p. 1183. See Article 37.14, Vernon's Ann.C.C.P.; Art. I, Sec. 14, Texas Constitution, Vernon's Ann.St.;

16 Tex.Jur.2d, Sec. 136, p. 282. Cf. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199. This rule proceeds on the theory that the conviction of the lesser offense amounts to an acquittal of the higher charge and the plea of former jeopardy is not waived by appeal from such conviction.

This general rule prohibiting re-trial for the greater offense is not, however, applicable in murder prosecutions since the Legislature in 1927 abolished degrees of murder. Consequently, since that time it has been consistently held that a conviction for murder without malice does not bar prosecution for murder with malice upon a new trial obtained by the accused at his instance. Herrera v. State, 117 Tex.Cr.R. 389, 36 S.W.2d 515; Ex parte Conway, 118 Tex.Cr.R. 148, 37 S.W.2d 1017; Chappell v. State, 124 Tex.Cr.R. 187, 61 S.W.2d 842; Hill v. State, 126 Tex.Cr.R. 79, 69 S.W.2d 409; Joubert v. State, 136 Tex.Cr.R. 219, 124 S.W.2d 368; Beckham v. State, 141 Tex.Cr.R. 438, 148 S.W.2d 1104; Hall v. State, 145 Tex.Cr.R. 192, 167 S.W.2d 532. Prior to 1927 the rule was to the contrary and in accordance with the general rule. 61 A.L.R.2d 1141, Sec. 11(b), p. 1185 and cases there cited; Article 37.14, supra, note 2.

In Ex parte Byrd, 157 Tex.Cr.R. 595, 251 S.W.2d 537, this Court, after the 1931 amendment to assault to murder statute (Art. 1160), held that the rule applicable in murder cases since 1927 also prevails with respect to a conviction for assault without malice under an indictment charging assault with intent to murder. See also the earlier case of Williams v. State, 136 Tex.Cr.R. 487, 126 S.W.2d 493.

The reasoning in Ex parte Byrd, supra, seems to have been based entirely upon the fact that it would be inconsistent to have one rule in murder cases and another in assault to murder cases. The differences between the statutes and the penalties provided do not seem to have been considered.

In Grady v. State, 157 Tex.Cr.R. 600, 252 S.W.2d 199, the rule in Byrd was cited with approval. There the Court noted that Brooks v. State, 147 Tex.Cr.R. 98, 178 S.W.2d 865; Jordan v. State, 140 Tex.Cr.R. 238, 144 S.W.2d 274 and Harrell v. State, 153 Tex.Cr.R. 141, 218 S.W.2d 466, as well as Johnson v. State, 137 Tex. Cr.R. 82, 128 S.W.2d 384, had all been overruled by Byrd since the basis for the holdings in those cases had been the fact that assault with intent to murder with malice and assault with intent to murder without malice were separate and distinct offenses.

■ Article 1160, supra, provides that the assault to murder may be committed either with or without malice, but unlike the murder statute, also provides both a different minimum and maximum penalty for such offenses. When this fact is taken with the gloss of the 1961 amendment to such article limiting the double penalty to the cases of assault to murder without malice, we can only conclude that the two are separate and distinct offenses. The mere fact that to so hold would be inconsistent with the rule in murder cases, an exception to the general rule itself, is not of sufficient importance to justify a contrary conclusion. Insofar as Ex parte Byrd, supra, and Williams v. State, supra, are in conflict with our holding today they are hereby overruled.

■ Therefore, in the event of a re-trial the appellant herein cannot be tried for any greater offense than assault with intent to murder without malice, which is clearly a lesser included offense of assault to murder with malice. See Articles 37.08 and 37.09, V.A.C.C.P. We do not interpret Article 44.29, V.A.C.C.P., (effect of reversal) as calling for a contrary conclusion. See Hughes v. State, 68 Tex.Cr. R. 584, 152 S.W. 912. If re-tried upon the same indictment the double penalty provision would not be available to the State. Nothing in our opinion, however, should be construed as preventing the prosecution, if within the period of limitation, from seeking a new indictment for such triable offense with allegations authorizing such double punishment if proved. Cf. Whitehead v. State, 162 Tex. Cr.R. 507, 286 S.W.2d 947.

To recapitulate, we hold that under an indictment for assault to murder with malice alone a conviction for assault to murder without malice may be had, but the double penalty provision of Article 1160, V.A.P.C., may not be utilized in absence of supporting allegations. We further hold that assault to murder with malice and assault to murder without malice are separate and distinct offenses, and that upon reversal or the granting of a new trial following conviction for the latter offense on an indictment charging the former, the accused may not be re-tried for any greater offense than that of assault with intent to murder without malice.

For the reasons stated, the judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.