HERSCHEL EASTMAN, *alias* ISHMAN, V. STATE.

No. 24176.   December 1, 1948.
Rehearing Denied January 12, 1949.

Hon. Robert A. Hall, Judge Presiding.

*Irwin & Irwin,* and *Robert C. Benavides,* all of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Robert H. Singleton,* Assistant District Attorney, all of Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged, tried and convicted of robbery by assault and awarded a penalty of five years in the penitentiary.

The facts show that Mr. and Mrs. B. F. Holley were in a public place in Dallas called "Betty's Shack" on the night of January 20, 1945, drinking R. C. Colas; that a coin-matching game was engaged in by Mr. Holley and one, Jesse Richardson; that Mrs. Holley made some remarks relative to the fairness of the game and she was cursed by Richardson. He struck at her and then Mr. Holley and Richardson engaged in a fight, and soon all parties were ejected from the room. Mr. and Mrs. Holley

then went to their car, it being late at night, and while they were unlocking it, they claimed to have been set upon by Richardson and appellant, who had been in the tavern at the first fight. Mrs. Holley, who had possession of her husband's billfold, testified that she was knocked down by appellant and dragged across the street while Richardson was fighting her husband; that after dragging her across the street, appellant then struck her with a pair of brass knucks and took her purse which contained $33.00 in money, against her consent, while Richardson was beating Mr. Holley with some blunt instrument. Eventually, Richardson, after beating him, said to Mr. Holley: " 'You s-- of a b----; die if you want to.' He said: 'If you holler law, I will kill you the next time.' That was Jesse Richardson who said that. He hit me right across here. Well, about that time, why Herschel says: 'Come on, Jesse, let's go.' Jesse said: 'Did you get him Herschel?', and Herschel said 'Hell, yes, I got it; let's go.' "

Appellant introduced but one witness, a man named Jimmy Lyons, who seemed to have been a bouncer at this tavern. He testified to stopping the fight in the tavern, but he did not go out and knew nothing of what took place on the outside. He did testify, however, that one, Johnny White, showed him a billfold that it was claimed White found outside the tavern and that White took the money therefrom and bought a wrist watch with it. White was not offered as a witness, it being shown that he was confined at such time in Huntsville as a convict. This latter witness was the only one used by the defense, and is the basis of the four bills of exception offered by appellant as evidencing errors upon the part of the trial judge.

We have read the cases cited us by appellant and find nothing therein that convinces us that the trial court was in error.

The mere fact that the billfold was afterwards found in the possession of another than appellant would not overcome the positive statement of Mrs. Holley that appellant struck her, dragged her across the street and took her billfold and money from her. She testified as follows:

"After the defendant hit me the second time, he taken my billfold. My billfold was in my hands. I did not give him permission to take that billfold. It was against my will, certainly. There was $33.00 in the billfold.

"I was afraid when the defendant drug me across the road. I was afraid he might take my life or injure me.

594

"Herschel Eastman drug me across the street; Herschel Eastman hit me with a pair of knucks up here in the head. Herschel Eastman took my billfold and $33.00 in money against my consent."

We do not think the hearsay statements of the witness, Jimmy Lyons, excludes the natural inference arising from the assault upon Mrs. Holley and the taking of her money.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant claims that we erred in our original opinion in holding that the evidence was· sufficient to sustain his conviction.

Mrs. Holley, the injured party, had her husband's billfold containing $33.00 when she was struck by appellant, who dragged her across the highway and took from her the billfold containing the money in question without her consent. We think this is sufficient to show an assault by appellant on the person of the injured party. That he took the billfold and money from her possession without her consent, with the intent to deprive her thereof and to appropriate it to his own use and benefit, is also shown. Appellant cites us to a number of cases, including the case of Alaniz v. State, 147 Tex. Cr. R. 1 (177 S. W. (2d) 965), as sustaining his contention. A mere reading of the opinion in that case will show that we held the evidence sufficient. We also affirmed the judgment of the trial court in the case of Bird v. State, 141 Tex. Cr. R. 135 (147 S. W. (2d) 500), holding that the facts were sufficient to sustain the conviction. Consequently, the appellant cannot obtain support from the cases cited and relied on by him.

We see no need to re-state all the evidence adduced upon the trial since we set forth the essential facts in our original opinion sustaining the conviction. Believing that the case was correctly disposed of on original submission, the motion for a rehearing is overruled.

Opinion approved by the Court.