### Lee Lyons v. The State.

#### No. 7714.    Decided June 6, 1923.

**1.—Rape—Charge of Court—Force.**

Where the indictment did not allege that the rape was by force it was error to submit to the jury a charge that the defendant might be adjudged guilty of rape by force.

**2.—Same—Insufficiency of the Evidence—Age of Prosecutrix.**

Proof of carnal knowledge before that with defendant would be a complete defense on statutory rape, and it being established without controversy in the instant case that prior to the time of prosecutrix's intercourse with appellant she had been carnally known by another man, after she was fifteen years of age, she was not of previous chaste character. as that expression is used in our statutes, and defendant is therefore not guilty of the crime charged in the indictment.

Appeal from the District Court of Galveston.    Tried below before the Honorable J. C. Canty.

Appeal from a conviction of statutory rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Frank S. Anderson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Galveston County of rape, and his punishment fixed at confinement in the penitentiary for life.

Appellant is a negro, prosecutrix a white girl. The indictment contained but one count which was for statutory rape, it being alleged that prosecutrix was under eighteen years of age and not the wife of appellant. There was no allegation of rape by force, threats or fraud. It not being alleged that the rape was by force, it was

error for the learned trial judge to submit to the jury in his charge that appellant might be adjudged guilty if the carnal knowledge was obtained by force.

The testimony is short. The prosecutrix testified that about the middle of July 1921 she went to the house occupied by appellant and situated in the rear of the house where she lived and that he had intercourse with her, and that he accomplish this by telling her that if she did not submit to him he would tell that he had seen her and one Louis Viana engaged in the same act. She further testified that following this act she had repeated acts of intercourse with appellant. It was further shown that a child was born to her in May 1922, and a physician testified that in his opinion this child was a negro. Prosecutrix further admitted that prior to the time she had any sexual knowledge of appellant, that said Louis Viana had copulated with her a number of times. The legislature makes the law. Under our present rape statute as it has been construed by this court in the cases of Norman v. State, 91 Texas Crim. Rep. 486; Cloninger v. State, 89 Texas Crim. Rep. 330, proof of carnal knowledge before that with appellant would be a complete defense. It being thus established without controversy that prior to the time of her intercourse with appellant prosecutrix had been carnally known by another man, she was not of previous chaste character, as that expression is used in our present statute denouncing rape upon a female under the age of eighteen, and over the age of fifteen, and appellant could not be guilty of that character of rape charged against him in the indictment herein. He was not charged with rape by force, as stated above, but with rape of a female under the age of eighteen, she not being his wife. The State's own witnesses having plainly and unequivocally testified to facts which destroyed the case attempted to be made, this court is without power to do other than direct that the judgment be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*