# DECEMBER, 1932

### JOE BRADY V. THE STATE.

No. 15571. Delivered October 26, 1932.
Rehearing Denied December 7, 1932.
Reported in 54 S. W. (2d) 513.

The opinion states the case.

*John L. Poulter*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Robbery is the offense, the punishment, 35 years in the penitentiary.

There was no allegation of the use of a pistol or other deadly weapon. Hence a capital offense was not charged.

The party alleged to have been robbed, J. L. Harbinson, testified that he was superintendent of the Helpy-Selfy market and held that position in December, 1931; that their office is located in the Arcadia building in Ft. Worth; that on the morning of December 15, 1931, between 9 and 9:30 in the morning, he started to the office in his automobile, and, when he got out of the automobile in front of his office, he was confronted by a man with a pistol, who told him to get back in his car and the man got in the car beside him with his gun still in his hand and they then drove to Boaz Park; that he (the witness) was doing the driving because the appellant ordered him to do so. When they got to the park, the appellant told him to get out and asked him how much money he had. The appellant then robbed him of about $700, and made the witness get back in the witness' car, and appellant then walked off and got into a car and left, taking the money with him.

The injured party also positively identified the appellant as the man who held him up at the point of a pistol. Two other witnesses for the state also identified the appellant as a man they had seen standing around the place where the witness Harbinson's office was about 9:30 a. m. on the morning of the robbery, but neither of these witnesses saw the robbery.

The appellant did not testify as a witness in his own behalf, but proved by the woman at whose house he roomed a complete and definite alibi to the effect that he (the appellant) was at home with her and her husband at the time and on the date fixed by the state's witness that the offense was committed, and that it was 11 o'clock when appellant and her husband left to go down town. This issue was submitted to the jury by the court in his charge.

There are no exceptions and objections to the court's charge, nor any bills of exception. The only matter presented by this record is to the action of the trial court in overruling appellant's motion for new trial on account of newly discovered evidence.

The appellant in his sworn motion on the issue of newly discovered evidence set up the fact that he had been confined in jail from the time the indictment was returned against him until the trial of this cause and he was deprived of any opportunity for making any preparation for his defense in this case;

that he was without funds to employ counsel to represent him in the trial of said cause; that he was tried without the assistance of counsel; that the only witness whose name and address was known to him before said trial, Mrs. Etta Master, appeared and testified in his defense; that since the trial of said cause he had discovered new testimony material to his defense, in that on March 29, 1932, two ladies visited the county jail of Tarrant county where he was then confined and informed him that they were the two ladies who visited in the home of Mrs. Etta Master on the morning of December 15, 1931, during the very time the offense was being committed; that each of said witnesses knew as a matter of fact that defendant was then at said place.

Attached to said motion for new trial is the affidavit of Mrs. Mahaffey and also the affidavit of Mrs. Ferrell, to the effect that between 9:30 and 11 o'clock on the morning of said date at said place they met and were introduced to a man by the name of Joe Brady at the house of Mrs. Etta Master, and they afterwards identified the appellant in jail as the man whom they had met at her house that morning; that they had never seen the said Joe Brady since December 15, 1931, until they saw him in the county jail on March 29, 1932, and they had had no communication with him.

We believe that there is a complete absence of diligence shown on the part of appellant to secure the attendance of these witnesses on the trial of the case. It is shown by the affidavit of both of said witnesses that they were introduced to the appellant on the day of the alleged robbery at the house of Mrs. Etta Master, who testified that the appellant was present at her house between 9 and 11 o'clock on the morning of the alleged robbery, and yet the appellant made no attempt to have said witnesses subpoenaed, and he must have necessarily known at the time he announced ready for trial that they would be material witnesses in his behalf. He did not ask for a postponement or continuance because of their absence. If, at the time he announced ready for trial, he did not know the names of said witnesses or who they were or where they resided, it was shown upon the trial of the case by the testimony of his witness, Mrs. Etta Master, that these two women were present at her home at the time she fixed for the alibi and she introduced them to appellant, and on cross-examination the record shows that she called the name of one of the witnesses. It is therefore clearly shown that on the trial of the case, before the evidence had been completed, the appellant knew facts which put him on no-

tice of the very evidence, the existence of which he claimed to have only discovered after the trial. He exercised no diligence to secure the attendance of the witnesses.

We quote from Branch's Ann. P. C., sec. 192: "Applications for new trial upon the ground that new testimony material to the defendant has been discovered since the trial will be scrutinized by the appellate court with much strictness. They are addressed much to the discretion of the trial court, and where the trial court has refused such an application the appellate court will not reverse unless it shall appear that the trial court has abused its discretion and that thereby injustice may have been done the defendant." Citing, Bell v. State, 1 Texas App., 598; Shultz v. State, 5 Texas App., 390; Johnson v. State, 62 Texas Crim. Rep., 284, 136 S. W., 1058; Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W., 283, 284; McGaughey v. State, 74 Texas Crim. Rep., 529, 169 S. W., 287, 289.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted by appellant that under the facts of this case it should be regarded as presenting an exception to the general rule regarding newly discovered evidence because appellant was without an attorney to represent him at the time of the trial. He was not charged in the indictment with an offense which could be punished by the infliction of the death penalty, and for that reason the court was not required by law to appoint counsel for him. See article 494, C. C. P., and authorities noted thereunder in Vernon's Ann. Tex. Cr. St., C. C. P., vol. 1. Yet the offense charged was serious, and it would not have been inappropriate for the court to have offered to furnish appellant an attorney by appointment. The record is silent on the point. It does not show that appellant requested the court to furnish an attorney. Appellant may have preferred to act as his own counsel. The statement of facts shows that the state's witnesses were cross-examined at length by appellant, and, so far as we can judge from the record, the cross-examination seems to have been conducted in an intelligent manner. It is apparent from the record that appellant was well aware of the importance of having Mrs. Masters present as a witness for him on his defense of alibi.

Mr. Masters, it seems, was equally as important a witness as his wife on that issue, and was in a position to testify to the same facts. This was bound to have been known to appellant; yet he asked for no process for Mr. Masters. The slightest diligence would have revealed the names of the witnesses whose affidavits are attached to appellant's amended motion for new trial; indeed, Mrs. Masters named one of them in giving her evidence on the trial. Under these circumstances, we feel that this court would be unauthorized to extend the rule regarding claimed newly discovered evidence. In exercising the power which is invoked of this court to annul a verdict upon the grounds of newly discovered evidence, the court must be controlled by the record before it. As was said in Goodwin v. State, 118 Texas Crim. Rep., 636, 38 S. W. (2d) 806: "In the executive department of the state there has been vested the authority to relieve against injustice. The Governor and the Board of Pardons Advisors are not restricted, as this court is, by the facts in the record. It is within their province to act upon information, affidavits, or otherwise, and thus inform themselves as to the merits of the questions before them."

The motion for rehearing is overruled.

*Overruled.*