### A. G. DOYLE v. THE STATE.

No. 20831. Delivered February 28, 1940.

The opinion states the case.

*Tom L. Robinson*, of Gatesville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Lampasas County for selling whisky in a dry area, and his punishment was assessed at a fine of $1,000.00.

For the purpose of enhancing the penalty, it is alleged in the complaint and information that appellant had been convicted in the County Court of Lampasas County, on November 9, 1938, for the unlawful possession of whisky and gin in a dry area for the purpose of sale, and that on December 22, 1938, in the same court, he was again convicted for the unlawful possession of whisky in a dry area; that the judgment of conviction in each instance had become final.

The record in this case fails to show that the alleged sale took place in a dry area, no proof being offered on the subject.

Furthermore, there is no evidence that appellant was convicted of a like offense prior to the one for which he was tried. He admitted that he had pleaded guilty on November 9, 1938, and paid a fine of $100.00; also that he had pleaded guilty on December 22, 1938, and paid a fine of $200.00, but the proof is silent as to the nature of the offenses to which he had pleaded guilty. It is incumbent upon the State to allege and prove the convictions prior to the commission of the offense for which the accused is being tried in order to apply the enhanced penalty. Arbuckle v. State, 105 S. W. (2d) 219, and cases there cited.

This case also fails because the admissions do not show that the offenses were of a like nature.

For the reasons pointed out, the cause is reversed and remanded.