the defendant to enter his plea of guilty in the county court;" and (4) that in view of the facts stated in the bill "the court erred in refusing to grant the defendant a new trial because said defendant was unduly influenced by fear and coercion to enter his plea of guilty."

Each of these bills of exception certifies error and they are not contradicted by anything in the record. There is no conclusion for us to reach other than that the judgment of the trial court should be reversed and the same is accordingly done.

Opinion approved by the Court.

No statement of facts accompanies the record, in the absence of which the bills of exception cannot be appraised.

It is contended that there is no allegation of venue in the indictment—that is, the place where the offense was alleged to have been committed.

Without setting out the indictment, it is concluded that the words, "then and there," which are words of reference (Branch's P. C., Sec. 502), sufficiently allege venue and show that the offense was alleged to have been committed in Cass County, Texas. We are unable to perceive any fundamental defect in the indictment.

The judgment is affirmed.

Opinion approved by the Court.

## MADKINS v. STATE.
### No. 25360.

Court of Criminal Appeals of Texas.
June 20, 1951.

## THREADGILL v. STATE.
### No. 25356.

Court of Criminal Appeals of Texas.
June 27, 1951.

Robert F. Salmon, Linden, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

For the wilful burning of his insured automobile, appellant has been convicted and assessed a penalty of two years' confinement in the penitentiary.