## JESSE OWENS v. STATE

No. 27,640. June 22, 1955
Rehearing Denied November 2, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 23, 1955

*Clay Coggins,* Roby, for appellant.

*Eldon Mahon,* District Attorney, Colorado City, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is abortion by the use of a rubber tube or catheter forced into the womb of a pregnant woman; the punishment, 3 years in the penitentiary.

For a statement of the evidence, we quote the respective theories of the state and the appellant from appellant's brief.

"It was the State's theory that the appellant Jesse Owens after having many illicit relations with Patricia Carter, the injured female in this abortion case, performed an abortion upon her person. This operation occurring on the night of October 17, 1954, about 11 o'clock at the apartment of the said Patricia Carter. The testimony of Mrs. Carter adduced by the State showed that the appellant had Mrs. Carter buy a catheter a day before the transaction and that on the following night appellant came to her apartment and Mrs. Carter, having reconsidered, would not submit to the operation. Thereupon the appellant repeatedly struck Mrs. Carter and knocked her unconscious. That while she was in this state appellant thrust the catheter into her womb and when she recovered consciousness the catheter was still inserted and so remained until appellant left the apart-

ment. After appellant's departure Mrs. Carter removed the catheter and placed it in the bath room. She later aborted and was attended by two physicians who testified that she had been pregnant. Mrs. Carter having given birth to two children previously also testified to her pregnancy and subsequent miscarriage brought about by the insertion of the catheter. There was evidence of illness and loss of blood resulting in an abnormal condition that had continued up to the time of trial in January."

It was the appellant's theory that Mrs. Carter inserted the catheter herself without the aid or knowledge of appellant. That she was capable of doing so, having had an abortion performed in Fort Worth the previous year. Appellant further contended that she was a woman of vast experience and that prior to her pregnancy she had had intimate relations with many men, including her husband, in addition to the relations with appellant. That under such circumstances appellant was not obligated nor was there any reason or motive for appellant conducting himself as described by Mrs. Carter, that the actual cause of prosecution was appellant's refusal to give Mrs. Carter $1,000.00. That on the night Mrs. Carter inserted the catheter in her privates, she called appellant and when he came to her apartment she informed him of her act and when appellant became disgusted Mrs. Carter grew angry, grabbed appellant's hair and scratched his neck. He then slapped her across the bed where she came in contact with the wall and her injuries, if any, came as a result of this blow and contact.

The abortion statute, Art. 1191 P.C., provides for a punishment of not less than 2 nor more than 5 years, and further provides that if it be done without the consent of the female the punishment shall be doubled.

The state here sought to secure double punishment, and for that purpose alleged that the abortion was performed without the consent of the pregnant female.

The court in his charge instructed the jury that abortion as therein defined might be committed with or without the consent of the female, and authorized a conviction for abortion performed either without the consent of Mrs. Carter or abortion with her consent.

Appellant duly excepted to the submission of abortion with consent based upon the fact that the indictment alleged that it was without consent.

The jury found appellant guilty and specifically stated in its verdict that it was with the consent of the female.

The question raised, which does not appear to have been previously decided, may be thus stated.

Where the state attempts to secure the double punishment provided in the abortion statute, and the indictment alleges that the abortion was performed without the consent of the pregnant female, will such indictment support a conviction for abortion performed with her consent?

Appellant claims a variance. His position is that the statute defines two separate and distinct ways by which the offense of abortion may be committed, (1) without the consent of the female and (2) with her consent.

Under this theory, a variance between the indictment alleging abortion without consent, and the jury's finding that the abortion was with her consent, would be fatal to the conviction.

If this theory is correct then consent of the female is an essential element of ordinary abortion and must be alleged and proved, and a finding that the abortion was performed as alleged, but without the consent of the female, would call for an acquittal.

Consent or want of consent is not material in the offense of abortion by the means here alleged except where want of consent is alleged and proved in order that the jury be authorized to assess a double punishment.

The state urges that the conviction may be sustained upon the theory that abortion with the consent of the female is a lesser included offense, every constituent element of which is alleged in the indictment, and consent being immaterial except upon the question of punishment.

There is, however, a somewhat different category of offenses where the statute defines but one offense, but a greater punishment is provided if certain aggravating facts exist.

In this group is the offense of robbery where in the statute itself the punishment is enhanced where firearms or other deadly weapons are used; the offense of murder, which calls for a greater punishment where the killing is upon malice; and as-

sault with intent to murder, where a double punishment is provided if the assault is made with a bowie knife, or dagger, by shooting into a private residence, or by a person in disguise or who lays in wait. Also the enhancement of punishment statutes, Arts. 61, 62 and 63, P.C., do not define separate offenses. Ellison v. State, 154 Texas Cr. R. 406, 227 S.W. 2d 545.

Enhanced punishment is also provided for one who acts as an accomplice where the principal is under 17 years of age, also where the accomplice stands in relation of a parent, etc., to the principal.

In both kinds of enhancement statutes it is necessary that the matter of aggravation relied upon to justify the imposition of the higher punishment be alleged in the indictment. Doyle v. State, 138 Texas Cr. R. 502, 137 S.W. 2d 26; Palmer v. State, 154 Texas Cr. R. 536, 229 S.W. 2d 174; Brady v. State, 122 Texas Cr. R. 275, 54 S.W. 2d 513; Bird v. State, 141 Texas Cr. R. 135, 147 S.W. 2d 500; Bragg v. State, 73 Texas Cr. R. 340, 166 S.W. 162 (Accomplice); 12 Texas Jur. 795, Par. 405; 27 American Jur. 653, Par. 92.

And where the state fails to prove the allegations made for the purpose of enhancing the punishment, a conviction may nevertheless be had for the primary offense, all of the constituent elements of which are alleged in the indictment and established by the evidence. See McKenzie v. State, 159 Texas Cr. R. 345, 263 S.W. 2d 562.

The question is not whether one offense includes another, but whether the indictment contains all the necessary allegations to charge the offense of which the accused is convicted. 23 Texas Jur. 688, Sec. 72.

As to the ordinary or primary offense, the allegations of the indictment as to the aggravating facts or circumstances may be treated as surplusage.

It follows that whether abortion with consent of the female is a lesser offense, or the abortion statute defines but one offense, want of consent of the pregnant female being an aggravation calling for a double punishment, the court did not err in submitting to the jury abortion with consent, under this indictment which alleged that it was committed without consent.

Appellant suggests the applicability of the decisions under

the rape statute. The legislature has provided that, in addition to the offense known to the common law as rape, carnal knowledge of a female under the age of 18, other than the wife of the accused, with or without her consent shall also constitute the offense of rape, and be punished in the same manner as rape by force, threats or fraud.

In a prosecution for the offense of statutory rape, the indictment need not allege want of consent of the female under the age of consent, the offense being complete whether the female under 18 years of age consent or not.

This same rule we here apply to the offense of abortion. But the holding in rape cases that where force is alleged it must be proved is not deemed applicable in abortion cases for the reason that the rape statute defines two methods by which the offense may be committed, neither of which calls for an enhanced punishment. Whereas in the abortion statute, want of consent aggravates the offense and calls for double punishment.

The facts are sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

DAVIDSON, Judge (dissenting).

Art. 1191, P.C., denouncing the offense of abortion, reads as follows:

"If any person shall designedly administer to a pregnant woman or knowingly procure to be administered with her consent any drug or medicine, or shall use towards her any violence or means whatever externally or internally applied, and thereby procure an abortion, he shall be confined in the penitentiary not less than two nor more than five years; if it be done without her consent, the punishment shall be doubled. By 'abortion' is meant that the life of the fetus or embryo shall be destroyed in the woman's womb or that a premature birth thereof be caused."

I cannot agree that such statute does not create two offenses. One offense which the statute denounces is that of abortion produced with the consent of the female, with punishment affixed at not less than two nor more than five years' confinement in the penitentiary; the other is where the abortion is produced without the consent of the female, to which the punishment af-

fixed is not less than four nor more than ten years' confinement in the penitentiary. Such is the plain wording of the statute. No occasion arises to speculate as to what the statute says or as to what it means. Consent or want of consent is a constituent element of the two offenses, without which the crime of abortion under the statute does not exist.

Surely it will not be contended that the crime of abortion can be charged without an allegation that same was done with or without the consent of the female.

Mr. Willson, in his Texas Criminal Forms, Sec. 529, calls attention to the fact that an indictment for abortion should allege consent or want of consent of the female in order to charge one with the crime.

The indictment returned by the grand jury of Nolan County in this case charged that appellant produced an abortion upon the alleged female without her consent. It was upon that indictment that appellant was tried.

Notwithstanding appellant's objection, the trial court, under that indictment, submitted the offense of abortion with consent of the female, which was an offense separate and distinct from and carrying a different penalty from that alleged and charged in the indictment.

The jury returned into court the following verdict:

"We, the Jury, find the defendant guilty of abortion, but with the consent of the said Patricia Carter, and assess his punishment at confinement in the State Penitentiary for 3 yr."

The trial court received and ordered the verdict filed, and thereafter entered judgment on that verdict finding appellant "guilty of the offense of abortion as found by the jury," which, of necessity, was abortion with consent of the female. Sentence was duly passed upon that verdict, sentencing appellant to confinement in the penitentiary for a term of three years.

Now let us analyze the situation that is thus presented by the verdict, judgment, and sentence in the light of the indictment:

In the first instance, the minimum punishment authorized to be inflicted for the offense charged in the indictment — that is, abortion without the consent of the female — is four years

in the penitentiary. Therefore the finding of three years by the jury is a punishment not authorized to be affixed under the indictment and is, necessarily, void. Neither a jury nor a court has authority to assess a penalty for the violation of a law different from that authorized to be fixed by the legislature.

Secondly, when the jury found that the abortion was committed with the consent of the female, they acquitted appellant of the offense, and only offense, charged in the indictment.

Instead of entering a judgment against appellant under that verdict, the trial court should have entered a judgment of not guilty, for the jury had expressly found that the offense charged in the indictment had not been committed by the appellant.

My brethren refuse to accept the theory that the statute creates two offenses of abortion and insist that there is only one offense, and that consent or non-consent of the female to the abortion is not an essential element of that offense but is a matter of enhancement of punishment, only.

It is apparent from what I have said that I do not agree to the correctness of that premise, and therefore any conclusion my brethren reach under that false premise is not, in my opinion, controlling of the question here presented.

I cannot help but wonder, too, how my brethren distinguish the rule of law controlling in rape cases from their position here. Rape may be committed either by consent or by force and without consent. We have always held that if force is alleged it must be proved. Cromeans v. State, 59 Texas Cr. R. 611, 129 S.W. 1129.

If my brethren are right, here, that the allegation in the indictment that the abortion was committed without the consent of the female may be disregarded and is not an essential element of the offense charged, then the rule stated is no longer controlling in this state, and, under their holding, an indictment charging rape by force and without consent of the prosecutrix will support a conviction for rape by consent. Moreover, in rape cases it has long been held that unless force is alleged in the indictment it is error to submit rape by force to the jury. Lyons v. State, 94 Texas Cr. R. 566, 252 S.W. 518.

The rule no longer attains under the holding of my brethren, because they authorize this case to be submitted to the jury

with resultant conviction for abortion with consent, which was not alleged in the indictment.

The fact that the trial court submitted abortion with consent, over appellant's objection, is sufficient and ought to require a reversal of this conviction, under the authority of the Lyons case.

Other matters may be cited to support my reasoning that the holding of my brethren is erroneous, but I content myself with only the following:

Under the holding of my brethren that consent or want of consent in an abortion case is not an essential element of that crime, there is no necessity for the indictment to contain an allegation relative to the question of consent. In other words, according to their holding, they say that an indictment for abortion which contains no allegation of consent or want of consent is perfectly valid.

I wonder what penalty a trial court would submit to the jury under such an indictment? Would he apply the penalty affixed to an abortion with consent, or would he apply the penalty affixed to an abortion without consent, or would he submit both to the jury and leave it to them to apply whichever penalty they desired?

Under the holding of my brethren, the trial court and the jury would be authorized and at liberty to pursue any or all of the courses mentioned. Such demonstrates the utter fallacy of the holding of my brethren.

I respectfully dissent from the affirmance of this case.

## ON MOTION FOR REHEARING

DICE, Judge.

Appellant insists that the trial court should have sustained his motion to quash the indictment on the ground that it did not allege that the offense was committed in Nolan County, and here urges that it is fundamentally defective for such reason.

The indictment, in charging the offense, alleged in part that appellant "on or about the 17th day of October, A.D., 1954, * * * in the County of Nolan and State of Texas, in and upon Patricia

Carter, a woman * * * did then and there" commit certain acts upon the said Patricia Carter.

The use of the words "then and there," being words of reference, in the indictment, after the county and state had been named, was sufficient to allege that the offense was committed in Nolan County. Branch's Ann. Texas P.C., p. 258, Sec. 502; Madkins v. State, 241 S.W. 2d 151; Heath v. State, 156 Texas Cr. R. 563, 244 S.W. 2d 815; Barnes v. State, No. 27,607, 161 Texas Cr. R. 510.

Appellant urges that reversible error is reflected by Paragraph 6 of the court's charge wherein he told the jury that the minimum penalty for the offense of abortion, if committed *without consent,* was two years, whereas, under the law such minimum penalty is four years. We here observe that, since the jury found appellant guilty of abortion *with consent,* the penalty for which was properly charged, the charge on abortion committed without consent passed out of the picture, and the incorrect penalty stated and made applicable thereto became harmless.

We have again examined our original opinion in the light of the appellant's motion for rehearing and remain convinced that a conviction for abortion with consent can be upheld under an indictment charging abortion without consent.

The motion for rehearing is overruled.

Opinion approved by the Court.