**Arthur GARRETT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41550.**

Court of Criminal Appeals of Texas.

Nov. 6, 1968.

Rehearing Denied Dec. 11, 1968.

Lawrence R. Green, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., David Johnson, Scott Bradley, Kerry P. FitzGerald, Malcolm Dade and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced under Art. 63 P.C., life.

Seven grounds of errror are set forth in appellant's brief filed in the trial court.

Ground 1 complains of the overruling of appellant's motion to quash the portion of the indictment alleging a prior conviction for robbery. The contention is that the conviction may have been for the offense of robbery with firearms, a capital offense, conviction for which was not available to enhance punishment under Art. 63 P.C.

The indictment alleged that the prior conviction was for "a felony less than capital, to-wit, Robbery." The trial court did not err in overruling the motion to quash.

Ground 2 complains of the admission, at the hearing on punishment, of evidence as to the prior conviction for robbery.

Robbery, in the absence of allegations as to the use of a deadly weapon, is a felony less than capital. Palmer v. State, 128 Tex.Cr.R. 293, 81 S.W.2d 76; Brady v. State, 122 Tex.Cr.R. 275, 54 S.W.2d 513.

Ground 3 complains of the overruling of appellant's motion for mistrial after State's Witness Dubois, who pursued appellant and his companions as they fled from the store with money taken from the cash register, testified:

"We run on down to the—drove on down to where this man Garrett had accosted a couple of colored people in a car and had propositioned them to carry him on down to his destination—"

The objection "to this kind of hearsay" was sustained and, at appellant's request, the jury was instructed to disregard "what was said by the defendant, if anything was said, to some other persons."

The court did not err in overruling the motion for mistrial. Harris v. State, Tex. Cr.App., 375 S.W.2d 310; Wheeler v. State, Tex.Cr.App., 413 S.W.2d 705.

Ground 4, which complains that appellant was not allowed to help select the jury, and Ground 5, which complains that negroes were excluded from his jury, are not supported by the record and are overruled.

Ground 6, which complains that appellant "was extensively interrogated by the police on two occasions before he was taken before a magistrate," is without merit.

Ground 7, which complains that there was no court reporter present during the jury voir dire, is not ground for reversal in the absence of a request that the court reporter take shorthand notes of the voir dire examination. Art. 40.09, Sec. 4, V.A.C.C.P.

The judgment is affirmed.