Arthur GARRETT, Petitioner-Appellant,

v.

The STATE OF TEXAS, Respondent-Appellee.

No. 30609

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1970.

Arthur Garrett, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Robert Darden, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Arthur Garrett appeals the district court's dismissal of his habeas corpus petition for failure to exhaust his available state remedies. We affirm.

As grounds for federal habeas relief, appellant contended that: (1) the prejudicial effect of hearsay testimony at his trial was not overcome by the court's instruction to the jury to disregard the testimony; (a) he was denied his right of confrontation by the introduction in evidence of his prior convictions; and (3) he has been subjected to cruel and unusual punishment by the use of prior convictions to enhance his present sentence.

█ Appellant's first contention was presented without success to the Texas Court of Criminal Appeals on his direct appeal, Garrett v. State, Tex.Cr.App., 1968, 434 S.W.2d 142, cert. denied, 1969, 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 484. However, the remaining contentions have never been considered by any Texas Court. The appellant attempted to file an application for state habeas relief based on the same grounds as herein presented, but his petition was dismissed without prejudice for failure to meet the formal requirements set out in Ex Parte Young, Tex.Cr.App., 1967, 418 S.W.2d 824. Since appellant has failed to exhaust his available state remedies on all his federal habeas

* █ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

grounds, the district court's order dismissing his petition is affirmed. Harrison v. Wainwright, 5 Cir., 1970, 424 F.2d 633; Wheeler v. Beto, 5 Cir., 1969, 407 F.2d 816.

Affirmed.