# Court of Appeals
## Tenth Appellate District of Texas

10-24-00153-CR

Joshua Dornell Mayes,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2020-1979-C1

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found Joshua Dornell Mayes guilty of continuous sexual abuse of a child (count one) and indecency with a child by sexual contact (count two). *See* TEX. PENAL CODE ANN. §§ 21.02, 21.11(a)(1). His punishment was assessed at eighty years in prison on count one and at life in prison on count two.[1] In

---

[1] Based on his plea of "true" to a prior sexual assault of a child conviction, Mayes's punishment in count two was automatically assessed at life in prison. *See* TEX. PENAL CODE ANN. § 12.42(c)(2).

one issue on appeal, Mayes argues that the trial court's first main charge to the jury contains several errors that caused him egregious harm. We affirm the judgments of the trial court.

## Background

Mayes was charged in count one of the indictment with the continuous sexual abuse of "M.J.," alleging predicate offenses of aggravated sexual assault of a child and indecency with a child by sexual contact.[2] *See id.* at §§ 21.02(b), (c)(2), (c)(4). He was charged in count two with indecency with a child by touching M.J.'s breast. *Id.* at §§ 21.11(a)(1), (c)(1).

From January of 2020 until March 9, 2020, eleven-year-old M.J. lived with Mayes. After March 9, 2020, M.J. would alternate living with her mother or with Mayes each week. At trial, M.J. recalled that Mayes began touching her on her third or fourth visit. She testified that Mayes touched her "bottom part" that she used "[t]o pee" in the "middle of the part" with his hands during most of her visits, and that the last time he touched her in this manner was in August of 2020. M.J. further testified to one instance of Mayes penetrating her vagina with his penis and one instance of Mayes touching her breasts.

---

[2] Count one of the indictment alleges that Mayes committed the predicate offense of aggravated sexual assault of a child by causing M.J.'s sexual organ to contact his sexual organ. *See id.* at § 22.021(a)(1)(B)(iii). It further alleges that he committed the predicate offense of indecency with a child by touching M.J.'s genitals with his hand. *See id. at* § 21.11(a)(1), (c)(1).

Pursuant to article 38.37, section 2 of the Texas Code of Criminal Procedure, the State also presented evidence of two prior extraneous sexual offenses involving different victims – aggravated sexual assault of a child committed against "D.B." and sexual assault of a child committed against "A.L." *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2; TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), 22.021(a)(1)(B)(i). The trial court held a hearing outside of the jury's presence at which D.B. briefly testified and State's Exhibit 8 and State's Exhibit 9 were offered into evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a. State's Exhibit 8 contained several documents pertaining to Mayes's prior aggravated sexual assault of a child conviction involving D.B., including the indictment, judgment granting deferred adjudication probation, motion to proceed with an adjudication of guilt, and judgment adjudicating guilt. The allegations underlying this extraneous offense were that Mayes penetrated the sexual organ of D.B. with his sexual organ.[3] State's Exhibit 9 contained the indictment and judgment of conviction for the offense of sexual assault of a child involving A.L. Although A.L. did not testify at the hearing, the indictment alleged that Mayes committed the offense by penetrating A.L.'s sexual organ with his sexual organ. At the conclusion of the hearing, the trial court found that the evidence was adequate to support a finding beyond a

---

[3] D.B. later testified about this incident in front of the jury.

reasonable doubt that each extraneous offense occurred, and admitted State's Exhibit 8 and State's Exhibit 9 into evidence.

The record reflects, and Mayes concedes, that he did not object at trial to any alleged error in the jury charge.[4]  No lesser-included offense instructions or defensive instructions were requested.

## Relevant Law

A claim of jury charge error is reviewed using the procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  The first step is to determine whether there is error in the charge.  *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  If there was error but the appellant failed to object, the error in the charge is reviewed only for egregious harm.  *Id.* at 743-44.  Egregious harm means that the error "affects 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'"  *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (citing *Almanza*, 686 S.W.2d at 172).  A defendant must have suffered actual harm, not theoretical harm.  *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

---

[4] At the charge conference, the parties reference an "informal" charge conference at which changes and corrections may have been made to the proposed charge.  We do not have a record of the informal charge conference or of any changes that may have been made.

The Court of Criminal Appeals has outlined four factors that reviewing courts should consider when determining whether a jury-charge error resulted in egregious harm: "1) the charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of counsel; and 4) any other relevant information revealed by the record of the trial as a whole." *Olivas*, 202 S.W.3d at 144.

**Analysis**

Though presented in a single issue on appeal, Mayes identifies multiple alleged errors in the court's first main jury charge. An issue is multifarious when it raises more than one specific complaint, and we are permitted to reject multifarious issues on that basis alone. *Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010); *Wood v. State*, 18 S.W.3d 642, 649 n. 6 (Tex. Crim. App. 2000). This issue is multifarious; however, in the interest of justice, we will endeavor to address the arguments that we can discern.

1. OFFENSE LOCATION INCLUDED IN COUNT ONE'S APPLICATION PARAGRAPH

Mayes argues that the trial court erred by including the location of McLennan County, Texas in the application paragraph for count one. He contends that the State failed to specifically plead McLennan County as the location of the offense in count one of the indictment, and that the jury charge

therefore expanded the allegations of the State beyond what was pled. We disagree.

Count One of the indictment states, in relevant part, "The Grand Jurors of McLennan County, State of Texas, duly organized at the July Term, A.D., 2023, of the 19th Judicial District Court of said county, upon their oaths do present that JOSHUA DORNELL MAYES, hereinafter called Defendant, did then and there," commit the offense of continuous sexual abuse of a child. The words "then and there" in charging instruments are words of reference. *See Ex parte Hunter*, 604 S.W.2d 188, 190 (Tex. Crim. App. 1980). In this indictment, "then and there" refers back to "McLennan County, State of Texas." This language is sufficient to allege the place of an offense. *See id.*; *Madkins v. State*, 241 S.W.2d 151 (Tex. Crim. App. 1951). Because the indictment sufficiently alleged McLennan County as the place of the offense in count one, inclusion of McLennan County in count one's application paragraph was not error.

## 2. ABSTRACT DEFINITION OF AGGRAVATED SEXUAL ASSAULT OF A CHILD

The abstract section of the jury charge provided that a person commits the offense of aggravated sexual assault of a child if he "intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor[.]" *See* TEX. PENAL

CODE ANN. § 22.021(a)(1)(B)(iii). Mayes contends that this abstract definition improperly expanded the State's pled allegations and confused, misled, or excited the passions of the jury. He argues that because evidence of the aggravated sexual assault of M.J. was limited to Mayes's sexual organ contacting M.J.'s sexual organ, the trial court should have omitted the language in the abstract definition about the mouth and anus.

The abstract portions of a jury charge merely serve as a glossary to aid the jury in their understanding of concepts and terms contained in the application paragraph. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012) (citing *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds* by *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997)). The application paragraph applies the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). An abstract charge on a theory of law that is not applied to the facts does not authorize the jury to convict on that theory. *Crenshaw*, 378 S.W.3d at 466 (citing *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996)). "Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement

of a law that the jury must understand in order to implement the commands of the application paragraph." *Id.*

Here, the abstract definition of aggravated sexual assault of a child followed the statutory language for the offense found in section 22.021(a)(1)(B)(iii). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii). The application paragraph for count one tracked the language of the indictment, limiting the jury's consideration of the predicate offense of aggravated sexual assault of a child solely to whether Mayes caused M.J.'s sexual organ to contact his sexual organ. Because the abstract definition regarding contact with or penetration of the mouth or anus was not applied to the facts of this case, the jury was not authorized to convict on those theories. The jury is presumed to have understood and followed the court's charge, absent evidence to the contrary. *See Hutch*, 922 S.W.2d at 172; *Crenshaw*, 378 S.W.3d at 467 (presuming the jury convicted appellant on the theory of law as restricted by application paragraph, despite the full penal code definition included in abstract section).[5]

---

[5] Within this argument, Mayes also discusses the abstract definition of aggravated sexual assault of a child as it relates to the extraneous-offense evidence of his aggravated sexual assault of D.B. He argues that because the article 38.37, section 2 limiting instruction did not specifically apply the abstract definition of aggravated sexual assault of a child to the facts of the extraneous aggravated sexual assault of D.B., the jury charge "expanded the State's allegation beyond what was pled." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii); TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2. We address this argument within our analysis in Section 3B below.

We find no jury charge error in the abstract definition of aggravated sexual assault of a child.

3. ARTICLE 38.37 INSTRUCTION

The court's first main charge to the jury included the following instruction:

> You are instructed that if there is any testimony and evidence that the Defendant has committed a separate offense other than the one alleged against him in the indictment in this case, specifically, Aggravated Sexual Assault of a Child or Sexual Assault of a Child, you cannot consider said testimony and evidence for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant committed such other offense. If you do find beyond a reasonable doubt that the Defendant committed such other acts, you may consider that testimony and evidence for any bearing that it has on relevant matters, including the character of the Defendant and acts performed in conformity with the character of the Defendant.

On appeal, Mayes offers several arguments as to why this instruction was erroneous, depending upon whether the instruction is interpreted as a lesser-included offense instruction of count one or as an article 38.37, section 2 limiting instruction regarding the extraneous sexual offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2.

A. Lesser-Included Offense Instruction

In some of his arguments on appeal, Mayes mistakenly characterizes this instruction as an application paragraph for lesser-included offenses of count one; namely, aggravated sexual assault of a child and sexual assault of

a child committed against M.J. Based on this interpretation, he argues that this instruction should have limited the manner and means of committing the lesser-included offenses solely to Mayes's sexual organ contacting M.J.'s sexual organ, as pled in count one of the indictment. Failure to so limit the instruction, he argues, would allow the jury to convict him of the lesser-included offenses "on alternative methods which were not pled by the State."

As Mayes acknowledges, the parties did not request inclusion of any lesser-included offense instructions in the jury charge. Further, there is no indication in the record that the trial court *sua sponte* included any lesser-included offense instructions for count one. The charge itself does not include instructions explaining to the jury when to consider any lesser-included offenses, nor does it include verdict forms permitting the jury to find Mayes guilty or not guilty of lesser-included offenses. This instruction is not an application paragraph for lesser-included offenses involving M.J.; rather, this is an article 38.37, section 2 limiting instruction addressing the extraneous-offense evidence of Mayes's aggravated sexual assault of D.B. and sexual assault of A.L. *See id*. This instruction tracks the requirements of article 38.37, section 2, permitting consideration of certain extraneous sexual offenses for "any bearing the evidence has on relevant matters" if the jury finds beyond a reasonable doubt that the offenses were committed. Mayes's arguments

characterizing this instruction as an erroneous lesser-included offense application paragraph are without merit.

## B. Article 38.37, Section 2 Limiting Instruction

In some of his arguments, Mayes acknowledges that this instruction may have been included as an article 38.37, section 2 limiting instruction. *See id.* Based on that interpretation, he argues that the trial court was required to limit the jury's consideration of the extraneous offenses to the manner and means addressed at trial; namely, that Mayes's sexual organ penetrated D.B.'s sexual organ, and that Mayes's sexual organ penetrated A.L.'s sexual organ.

Each case cited by Mayes in support of this argument involves the jury instructions for the primary offense or a lesser-included offense for which the defendant was on trial.[6] Mayes has not cited to any authority addressing what limitations, if any, should be placed on the manner and means alleged in an extraneous-offense instruction under article 38.37 of the Texas Code of Criminal Procedure. *See Pugh v. State*, No. 06-14-00066-CR, 2015 WL 1699925, at *5 (Tex. App.—Texarkana Apr. 15, 2015, pet. ref'd) (mem. op., not designated for publication) (rejecting the argument that a jury charge must

---

[6] *See Alvarado v. State*, 704 S.W.2d 36 (Tex. Crim. App. 1985) (failure to limit definitions of culpable mental states to result-of-conduct on injury to a child charge); *Kelly v. State*, 748 S.W.2d 236 (Tex. Crim. App. 1988) (applying *Alvarado* holding to injury to elderly charge); *Delarosa v. State*, 677 S.W.3d 668 (Tex. Crim. App. 2023); (evidence legally insufficient to support conviction for sexual assault of a child where indictment alleged only non-consensual sexual assault); *Castillo v. State*, 7 S.W.3d 253 (Tex. App.—Austin 1999, pet. ref'd) (lesser-included offense instruction upon which appellant's conviction was based included an unpled manner and means for committing the offense).

contain an application paragraph for each extraneous offense that the State offered under article 38.37).[7]

Even so, because Mayes failed to object to the jury charge, he acknowledges that the egregious-harm standard applies. We note that Mayes does not contend that the evidence was insufficient for the jury to find beyond a reasonable doubt that the extraneous offenses were committed. His concern is based upon the jury's ability to theoretically consider ways in which the extraneous offenses were committed but on which no evidence was presented. He does not point to evidence of any actual harm, and no one contested that he committed these extraneous offenses at trial. During closing arguments, Mayes's trial counsel conceded that Mayes committed both extraneous offenses while urging the jury to consider Mayes's young age at the time of those offenses. Further, documents contained within State's Exhibit 8 and State's Exhibit 9 show that he pled guilty to each extraneous offense, and they identify the specific manner and means to which he pled guilty. We find that Mayes was not egregiously harmed by error, if any, in the article 38.37 limiting instruction.

---

[7] While unpublished or memorandum opinions are not binding precedent, such opinions may be considered as persuasive authority. *See Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

4. OMISSION OF SEXUAL ASSAULT OF A CHILD ABSTRACT DEFINITION

Finally, Mayes complains that the trial court erred by failing to include an abstract definition for the offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). He argues that this omission left the jury without the necessary definition to determine whether (A) he committed the lesser-included offense of sexual assault of a child against M.J., or (B) he committed the extraneous sexual assault of A.L.

As discussed *supra*, sexual assault of a child was not included in the jury charge as a lesser-included offense against M.J. for count one. Therefore, it was not error to omit an abstract definition of sexual assault of a child for this reason. Further, Mayes does not cite to any relevant authority supporting his position that a trial court is required to include in the jury charge an abstract definition for extraneous offenses. We further find that, for the reasons discussed in Section 3B above, Mayes was not egregiously harmed by the omission of an abstract definition for sexual assault of a child for the extraneous sexual assault of A.L.

We overrule Mayes's sole issue on appeal.

## Conclusion

Having overruled Mayes's sole issue on appeal, we affirm the trial court's judgments in count one and count two.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: August 21, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CRPM

